JOSEPH SIMPSON *vs.* ARTHUR D. STORY & another.

Essex. Nov. 4, 1887. — Jan. 5, 1888. DEVENS & KNOWLTON, JJ., absent.

The provisions of the U. S. St. of June 26, 1884, c. 121, § 18, providing that the individual liability of a shipowner shall be limited to the proportion of any and all debts and liabilities that his individual share of the vessel bears to the whole, do not apply to fishing vessels.

CONTRACT, against Arthur D. Story and Eli Wilson, on an account annexed, for the price of a mackerel seine, sold in 1885, and for work done on the same in that year and in May, 1886. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows :

The seine was purchased, at Gloucester, of the plaintiff, by the defendant Wilson, for the use of the fishing schooner A. M. Burnham, of the burden of one hundred and fifteen tons, of said Gloucester, Wilson being the master of the vessel, and also being the owner of one half of it. The defendant Story owned the other half. The repairs on the seine were also ordered by Wilson.

Story alone defended, and contended that, if he was liable at all, he was, under the U. S. St. of June 26, 1884, c. 121, § 18,*

---

* This section provides that "the individual liability of a shipowner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole ; and the aggregate liabili-

only liable for one half of the bill; and requested the judge so to instruct the jury.

The judge declined so to instruct the jury, but instructed them that, if Story authorized the purchase of the seine, or afterwards ratified such purchase, he was liable for the full amount of the plaintiff's bill.

The jury returned a verdict against Story for the full amount of the bill; and he alleged exceptions.

*C. A. Russell*, for Story.

*W. A. Pew, Jr.*, for the plaintiff.

C. ALLEN, J.  In construing an act of Congress, the title of the act, the objects to be accomplished, the other provisions found in connection with those under especial consideration, the provisions and arrangement of the statutes which were amended, the mode in which the embarrassing words were introduced, as shown by the journals and records, the history of the times, and especially of prior legislation upon the same general subject, may all be considered. *Myer* v. *Car Co.* 102 U. S. 1, 11. *United States* v. *Union Pacific Railroad*, 91 U. S. 72, 79, 82. *Hadden* v. *The Collector*, 5 Wall. 107, 110. *Blake* v. *National Banks*, 23 Wall. 307, 319.  See also *Field* v. *Gooding*, 106 Mass. 310, 313; *Commonwealth* v. *Bank of Mutual Redemption*, 4 Allen, 1, 13; *Holbrook* v. *Holbrook*, 1 Pick. 248.  Looking at the statute now under consideration, U. S. St. of June 26, 1884, *c.* 121, § 18, in this manner, it appears that it was not the design of Congress to include fishing vessels within its provisions.  Its title is, " An act to remove certain burdens on the American merchant marine, and encourage the American foreign carrying trade and for other purposes."  The object of the prior legislation which was amended, as well as of the act in question, was to promote the building of ships, and to encourage persons engaged in the business of navigation, with special reference to the foreign carrying trade; so that American vessels might enter into this trade in competition with foreign vessels, and on more nearly the same

ties of all the owners of a vessel on account of the same shall not exceed the value of such vessels and freight pending; provided, that this provision shall not affect the liability of any owner incurred previous to the passage of this act, nor prevent any claimant from joining all the owners in one action; nor shall the same apply to wages due to persons employed by said shipowners."

terms. See *Moore* v. *American Transportation Co.* 24 How. 1; *Walker* v. *Transportation Co.* 3 Wall. 150. This is shown by the whole history of the legislation, and by the course of the discussions in Congress. See Cong. Record, 48th Congress. American vessels were subject to burdens which foreign vessels were free from; and all the other sections of the statute had reference to the removal of such burdens. Section 18 was not in the original bill introduced in the House of Representatives, but it is found in substance in a bill introduced in the Senate, which proceeded concurrently with that in the House; and it was retained in the report of a joint committee of conference. Prior statutes had established an exemption or limitation of responsibility for losses by fire, embezzlement, and otherwise, but they did not include any exemption in respect to debts; and similar limitations existed in foreign countries. U. S. St. 1851, *c.* 43, §§ 1–4. U. S. Rev. Sts. §§ 4282–4284. *The Scotland,* 105 U. S. 24. *Norwich Co.* v. *Wright,* 13 Wall. 104. *The Rebecca,* 1 Ware, 188. A similar statute had long existed in Massachusetts. St. 1818, *c.* 122. Rev. Sts. *c.* 32, §§ 1–4. Except as thus limited, the responsibility of joint owners of vessels was joint; while the *delectus personarum* of a partnership did not exist, since one joint owner could transfer his share in the vessel without the consent of the others. A vessel engaged in foreign trade is liable to be away from home for long periods of time, under the control of agents. Section 18 sought to place the owners of such vessels more nearly on the footing of stockholders in a corporation, in order that men of wealth might be encouraged to invest in ships. Congress was not, however, at this time dealing with fishing vessels, but with vessels engaged in foreign commerce. The merchant shipping is treated as a subject distinct from the fisheries in legislation, in decisions of the courts, and in text-books. U. S. Rev. Sts. Tit. 48–53. *Wait* v. *Gibbs,* 4 Pick. 298. *The Swallow,* 1 Ware, 21. *Taber* v. *United States,* 1 Story C. C. 1, 6, 7. *The Three Brothers,* 1 Gall. 142. Abbott on Shipping, 605, 606. Section 18 appears to have been intended to relate to the same common object with the rest of the statute, and does not extend the limitation of responsibility to owners of fishing vessels; and the common law liability of such owners remains.

Since the decision of this case, the attention of the court has been called to the U. S. St. of June 19, 1886, c. 421, § 4, extending the provisions of the U. S. St. of 1884, c. 121, § 18, to all sea-going vessels. While this does not affect the liability of the defendant in the present case, it confirms the construction put by the court upon the St. of 1884, c. 121, § 18.

*Exceptions overruled.*