NEW ENGLAND TRUST COMPANY, trustee, *vs.* HARRIET L. WHITE & others.

Suffolk. March 13, 1916. — May 24, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Tax,* On legacies and successions. *Statute,* Construction, Repeal.

It was not the intention of the Legislature, when by St. 1909, c. 268, they re-enacted the whole of St. 1907, c. 563, § 1, with a single amendment placing an adoptive father or mother on an equality with a natural parent, to change the existing law relating to the rate of taxation upon property subject to a succession tax by repealing § 25 of St. 1907, c. 563, which provides that "This act [St. 1907,

c. 563] shall not apply to estates of persons deceased prior to the date when it takes effect, or to property passing by deed, grant, sale, or gift made prior to said date."

CROSBY, J.  This is a petition for instructions, brought by the trustee under the will of Lucy Josephine Parker, who died in October, 1902.*

By the sixteenth paragraph of her will, she left the residue of her estate to the plaintiff in trust to pay over one half of the net income to her brother during his life, and the remaining one half of the net income to her sister during her life.  Upon the death of the brother the one half of the income previously paid to him is directed to be paid to his daughter Harriet L. Brown, niece of the testatrix, during her life.  Upon the death of the sister the one half of the income previously paid to her is directed to be paid to her three children, namely, Rachel M. Sedgwick, Josephine Griffith and Henry Griffith, nieces and nephew of the testatrix, until the death of the last survivor.  The brother of the testatrix died on October 5, 1908, and the life interest of Harriet L. Brown in one half the trust fund came into possession and enjoyment by her on that date.  The sister of the testatrix died on October 24, 1915, and the life interest of her three children above named came into possession and enjoyment by them on that date.  The question presented is whether these life interests of the nephew and nieces of the testatrix are taxable under the legacy and succession tax laws of the Commonwealth at the rate of five per cent of their value or at some lesser rate.

At the date of the death of the testatrix on October 19, 1902, it is plain that these life interests were taxable, under R. L. c. 15, § 1, at the rate of five per cent.  Under the provisions of § 4 of this chapter, such taxes were payable "by the executors, administrators or trustees, at the expiration of two years after the date of their giving bond; but if legacies or distributive shares are paid within the two years, the taxes thereon shall be payable at the same time."  The time when such taxes should be payable was later changed by St. 1902, c. 473, § 1, which provided that "the tax on such property shall not be payable nor interest begin to run

* The suit was brought in the Supreme Judicial Court and with the consent of the parties was reserved by *Loring,* J., for determination by the full court.

thereon until the person or persons entitled thereto shall come into actual possession of such property, and the tax thereon shall be assessed upon the value of the property at the time when the right of possession accrues to the person entitled thereto as aforesaid, and such person or persons shall pay the tax upon coming into possession of such property."

By St. 1907, c. 563, important changes were made in the laws regulating legacies and succession taxes. It imposed a tax subject to certain exemptions upon all successions including those to direct as well as to collateral heirs to be computed upon the value of the property and the degree of relationship between the parties. Section 25 of this statute provides as follows: "This act shall not apply to estates of persons deceased prior to the date when it takes effect, or to property passing by deed, grant, sale, or gift made prior to said date; but said estates and property shall remain subject to the provisions of the laws in force prior to the passage of this act."

It is conceded by these legatees that the passage of St. 1907, c. 563, did not affect the tax upon the legacies in question, but that they remained subject to the law in force at the date of the death of the testatrix except that the time for payment under St. 1902, c. 473, was extended until such time as the persons entitled actually came into possession of the property.

It is the contention, however, of the legatees, that under St. 1909, c. 268, § 2, the provisions of St. 1907, c. 563, were made applicable to the interests received by them respectively, and that the value of each interest in excess of $25,000 is taxable at the rate of four per cent, and that the value of each interest whose value is less than $25,000 is taxable at the rate of three per cent.

The Treasurer and Receiver General contends that St. 1909, c. 268, does not apply to the interests of these legatees, but that such interests are taxable under the law as it existed before the passage of the statute of 1909, at the rate of five per cent of their value. The determination of this question depends upon the intention of the Legislature as expressed in St. 1909, c. 268.

From an examination of § 1 of St. 1907, c. 563, it appears that property passing to an adopted child or his lineal descendant was subject to the tax in accordance with class A with an exemption of $10,000. This rate and exemption, however, did not apply to

property which passed from an adopted child to an adoptive parent.

It seems plain that it was the intention of the Legislature in enacting St. 1909, c. 268, to correct an apparent omission and manifest injustice in St. 1907, c. 563, § 1, thereby placing an adoptive father or mother on an equality with a natural parent. This view is strengthened by reference to the title to the act which is: "An Act relative to the taxation of property passing by will or under the laws regulating intestate succession from an adopted child to the adoptive parent or lineal ancestor thereof." The title to the act in terms is limited to the taxation of successions from an adopted child to an adoptive parent or lineal ancestor thereof. It was said in *Field* v. *Gooding*, 106 Mass. 310, at page 313, "although the title is no part of an act, yet, where the enacting clause is doubtful or too general, the title may be resorted to for explanation, or in restraint of its generality."

The second section of this statute enacts that "The provisions of this act shall apply to all cases in which the said tax remains unpaid at the date of the passage hereof." This section is to be construed as applying only to the new subject added to the pre-existing law by the first section, namely, to unpaid taxes due or coming due from any adoptive parent. As to such taxes the statute applies whether due before or after the date when the statute went into effect.

We are of opinion that it was not the intention of the Legislature by re-enacting St. 1907, c. 563, § 1, with the single amendment thereto above referred to, (St. 1909, c. 268,) thereby to change the existing law relating to the rate of taxation upon property subject to a succession tax. Such interpretation is not to be inferred in the absence of a plain intention to that effect. The conclusion reached is not at variance with that adopted by this court in *Attorney General* v. *Stone*, 209 Mass. 186, 192, which held that the amendment adopted by the passage of St. 1909, c. 527, § 10, which was a provision similar to St. 1909, c. 268, § 2, applied to unpaid succession taxes imposed by St. 1902, c. 473, as well as those imposed by St. 1907, c. 563. The amendment considered in *Attorney General* v. *Stone* merely changed the date when taxes should become payable.

The statute (St. 1907, c. 563, § 1) is entitled: "An Act relative

to the taxation of legacies and successions." The amending statute (St. 1909, c. 527) bears identically the same title, and both statutes, as was said in *Attorney General* v. *Stone,* were designed to deal with the whole subject of the taxation of successions; many changes in the earlier statute were made by St. 1909, c. 527, including a change in the date when taxes should become payable. It is manifest that the Legislature intended that the time for payment should be the same for succession taxes payable under either statute.

As St. 1909, c. 268, was enacted to correct an obvious omission in St. 1907, it cannot be held to have been the intention of the Legislature by its adoption to repeal § 25 of St. 1907, c. 563. Such an interpretation would result in a change in the rate of taxation as it had theretofore existed, and is not to be inferred in the absence of a clear legislative purpose to that effect. It will not be presumed to have been intended to change the law so as to create an inequality between legatees subject to a succession tax, unless the language used plainly requires that conclusion.

It follows that St. 1909, c. 268, did not alter the rate for which the four legatees in question are taxable, and that their interests are all taxable at the rate of five per cent of their values as stated in the bill. The taxes on these legacies are payable one year after the times when the legatees respectively acquired possession thereof. St. 1909, c. 527, § 2. *Attorney General* v. *Stone, supra.* The tax on the interest of Harriet L. White became due on October 5, 1909, and bears interest at the rate of six per cent from that date. The tax on the interests of the other legatees will not become due until October 24, 1916.

A decree is to be entered in accordance with this opinion.

*So ordered.*

*B. Corneau,* for the defendant Harriet L. White and others.

*W. H. Hitchcock,* Assistant Attorney General, for the Treasurer and Receiver General.