ARTHUR W. WHEELWRIGHT & another, executors, *vs.* TAX
COMMISSIONER.

Suffolk.   March 2, 1920. — May 19, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Tax,* On income received by executor.   *Executor and Administrator.   Statute,*
Construction.   *Constitutional Law,* Taxation.   *Practice, Civil,* Costs.

Exemptions from taxation must appear plainly either from the express words
of a statute or by necessary intendment from its express words.
The provision of St. 1916, c. 269, § 8, that "The provisions of this act with reference
to the taxation of income received by trustees shall, so far as apt, and except as
otherwise provided herein, apply to the income received by executors and ad-
ministrators," does not operate to extend to executors and administrators the
exemptions later added for the benefit of trustees by St. 1918, c. 207, amending
St. 1916, c. 269, § 9.
In the above statutes so construed there is nothing violative of the constitutional
rights of executors and administrators.
Upon the denial of an abatement of a tax upon income asked for by an executor by a
petition under St. 1916, c. 269, § 20, this court, under St. 1909, c. 490, Part I,
§ 80, (made applicable to the proceeding by St. 1916, c. 269, § 20,) ordered judg-
ment for the tax commissioner for his expenses and costs, to be taxed by the
Superior Court.

PETITION, filed in the Superior Court under St. 1916, c. 269,
§ 20, by the executors of the will of John W. Wheelwright, late of
Westwood, seeking an abatement of a tax upon income assessed
to the petitioner under St. 1916, c. 269.

In the Superior Court the petition came on to be heard by
*Hammond,* J., and, the parties agreeing that the petition and the
answer stated all material facts, the judge reported the case to
this court for determination.

*H. Wheeler,* for the petitioners.

*E. H. Abbot,* Jr., Assistant Attorney General, for the respondent.

RUGG, C. J.   This is a petition under St. 1916, c. 269, § 20, by
the executors of the will of a deceased resident of this Common-
wealth for the abatement of a tax.   The single question presented
is whether the executors of a will who receive income payable to
inhabitants of this Commonwealth are entitled, in the assessment

upon them of income taxes, to the same deductions for taxes and expenses paid as are allowed by the income tax law to trustees.

Provision is made by the income tax law, St. 1916, c. 269, for the assessment of taxes upon certain incomes received both by executors or administrators and by trustees. Under the divisional heading of the statute "Estates of Deceased Persons," is § 8, which provides at some length for a tax upon incomes received by "persons since deceased" and by "estates of deceased persons." The last sentence of that section is in these words: "The provisions of this act with reference to the taxation of income received by trustees shall, so far as apt, and except as otherwise provided herein, apply to the income received by executors and administrators." This is followed immediately by the divisional heading "Property Held in Trust," and § 9, wherein provision is made in considerable detail for the taxation of "The income received by estates held in trust by trustees." No specific deductions were allowed in this or in the preceding section, although of course those provided by the general terms of § 3 were applicable. An amendment of § 9 was made by St. 1918, c. 207, whereby several clauses were inserted to the effect that "In the computation of the tax the trustee," in addition to deductions previously allowed under § 3, "shall be entitled to the following deductions from income taxable under sections two, five (a) and five (c) of this act, respectively, before the taxable income of the beneficiary or beneficiaries shall finally be determined." Then follows an enumeration of four different kinds of permissible deductions.

The form of St. 1918, c. 207, is that the original § 9 "is hereby amended by inserting" at places identified by lines and preceding word, the specified words, "so as to read as follows: —" There then is printed the full § 9 as it stands in its amended form. The effect of this phraseology is that the original § 9 has become a thing of the past, valuable only as matter of history and has been superseded by the new § 9. Other statutory provisions relating to the old and not inconsistent with the new section are applicable to the latter. *Fitzgerald* v. *Lewis,* 164 Mass. 495. *Merrill* v. *Paige,* 229 Mass. 511. The statute now is to be treated and interpreted as if the new § 9 had been a part of the original enactment, except that light may be thrown upon its meaning by the

fact that it is an amendment and by comparison of the old form with the amendment.

The precise point to be decided is whether the final sentence of § 8, quoted above, extends to executors the right to make deductions created by the words of the amending chapter 207 for the benefit of trustees. That amending chapter in substance creates an exemption from taxation of a part of the income of trustees. Exemptions from taxation are not to be lightly inferred, but must appear plainly either from the express words or necessary intendment of the statute. *Milford* v. *County Commissioners*, 213 Mass. 162, 165.

By the specific terms of St. 1918, c. 207, the deductions allowed to trustees are denied to guardians, conservators, trustees in bankruptcy, receivers and assignees for the benefit of creditors. If it had been the purpose of the Legislature to authorize these deductions from income for the benefit of executors, it would seem under these circumstances that direct manifestation of such purpose would appear in the words of the amending act rather than that that purpose be left to be worked out by reference to general words of the earlier act employed with different design and having in view at the time of their use a dissimilar end. At the time of the enactment of St. 1916, c. 269, neither § 8 nor § 9 allowed any deductions.

The title is in a legal sense a part of every statute and may be considered in determining its construction. *Proprietors of Mills* v. *Randolph*, 157 Mass. 345, 350. *Rice* v. *Winslow*, 180 Mass. 500, 501. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway*, 187 Mass. 500, 505. *Simpson* v. *Story*, 145 Mass. 497, 498. Compare *New England Trust Co.* v. *White*, 224 Mass. 332, 335. The title of St. 1918, c. 207, is "An Act relative to the income tax on property held in trust." While in a comprehensive sense executors hold property in trust, this title bears some implication in its context that it refers to the more restricted conception of property held in trust by trustees. The General Court had executors in mind in passing said c. 207, because in it the word "executors" occurs four times and the word "executor" once. If the object had been to confer the benefits of the act upon executors, it would have been a simple thing to have put that thought in unambiguous words.

The clause of § 8, upon which the petitioners rely for the deduction, makes applicable to executors the provisions of the act as to taxation of income received by trustees "so far as apt." The word "apt" in this connection suggests intimate similitude of conditions. Differences may be thought to exist between the conditions of investment of principal and the receipt of income by an executor whose duty is seasonably to settle the estate and distribute the assets and by a trustee who holds property for a longer or shorter period of time for purposes of gaining and disbursing income and who makes investment to that end.

Perhaps no one of these considerations by itself alone would be decisive, but in combination they lead us to the conclusion that the petitioners are not entitled to the abatement. There is in the act as thus construed nothing violative of the constitutional rights of the petitioners; and it is unnecessary to decide the validity of other provisions of St. 1918, c. 207, urged in argument to be unconstitutional.

In accordance with the provisions of St. 1909, c. 490, Part I, § 80, made applicable to this proceeding by St. 1916, c. 269, § 20, judgment shall be rendered for the Tax Commissioner for his expenses and costs, which shall be taxed by the Superior Court.

*So ordered.*