OLD COLONY TRUST COMPANY, trustee, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.   March 22, 1923. — May 23, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax*, On income.   *Domicil.*   *Trust*, Tax upon income of beneficiary.

Under G. L. c. 62, § 25, which must be construed in connection with § 8, cl. d and of § 10 of the same chapter, it is improper to assess an income tax in the year 1922 upon income received during 1921 by the beneficiary of a trust who did not become an inhabitant of this Commonwealth until shortly after January 1, 1922, although the trustee was a trust company having its usual place of business in this Commonwealth and bonds and certificates of stock which comprised the trust property were of corporations not incorporated in this Commonwealth and were physically present in the Commonwealth and their income was received by the trustee here.

COMPLAINT, filed in the Superior Court on October 30, 1922, under G. L. c. 62, § 47, seeking an abatement and repayment of an income tax alleged to have been assessed illegally and paid under protest.

The facts were agreed upon. Material facts are stated in the opinion. The case was reserved by *Wait*, J., for determination by this court upon the pleadings and the agreed statement of facts.

*W. H. Hitchcock*, for the complainant.

*A. Lincoln*, Assistant Attorney General, for the respondent.

CARROLL, J.   The complainant, a trust company established under the laws of the Commonwealth, is trustee under a deed of trust dated October 15, 1919, and executed by Phineas W. Sprague for the benefit of his wife, Elizabeth S. Sprague. Neither Mr. Sprague nor his wife was an inhabitant of Massachusetts during the year 1921, but on or shortly after January 1, 1922, both became inhabitants of the Commonwealth. Under the deed of trust the property held by the complainant consisted of bonds and certificates of stock in corporations not incorporated under the laws of Massachusetts. These certificates and bonds were physically present in Massachusetts and in the control of the complainant at all times during the year 1921. The income was received by the complainant in this Commonwealth, and according to the terms of the trust it was received for or accumulated for the benefit of Mrs. Sprague. In 1922, after Mr. and Mrs. Sprague became inhabitants of Massachusetts, the complainant was required by the respondent to make return of the taxable income from the above securities received during the year 1921; and a tax of $1,531.61 was assessed upon the complainant as trustee on account of income received by it under the deed of trust during that year. It seasonably filed an appeal for an abatement of the tax; and after the payment of the tax, brought this complaint praying for a judgment for the abatement of the tax and repayment of the amount paid, with interest from October 27, 1922.

G. L. c. 62, § 25, provides that "Every individual who is an inhabitant of the Commonwealth at any time between January first and June thirtieth, both inclusive, in any year," and every trustee "in office between said days in any year, who is such inhabitant, or who derived his appointment from a court of this Commonwealth, . . . shall be subject to

the taxes imposed by this chapter," and they are required to file a return of income received during the preceding year, taxable under this chapter. "If a person has become an inhabitant of the Commonwealth or has been appointed an executor or administrator after February first in any year, the return shall be due and shall be filed within ninety days after he becomes such inhabitant or received such appointment."

The respondent contends, that the beneficiary, although not an inhabitant of the Commonwealth at the time the income was received by the trustee, was an inhabitant during the period when, according to c. 62, § 25, every one who was an inhabitant of the Commonwealth and having a taxable income was subject to the tax. Section 25 of c. 62 is to be construed in connection with § 8 of G. L. c. 62, by which income is exempt from taxes imposed by this statute. Clause (d) of the section, provides that "Such part of the income received by trustees . . . as is payable to or accumulated for persons not inhabitants of the Commonwealth" shall be exempt from taxation. Section 10 of G. L. c. 62, provides that the income received by a trustee who is an inhabitant of the Commonwealth, or has received his appointment from a court of this Commonwealth, shall be subject to a tax under this chapter, but only to the extent "that the persons to whom the income from the trust is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth." These sections indicate that the tax is not to be imposed on the income of trust estates received by trustees and payable to or accumulated for beneficiaries not inhabitants of the Commonwealth. By the words of the statute such income is exempt, and it is only to the extent that such income is payable to or accumulated for the benefit of inhabitants of this Commonwealth that it is taxable. G. L. c. 62, § 10. The income was received or accumulated for the benefit of the beneficiary during the year 1921, but she was not an inhabitant of the Commonwealth during that year. She did not become an inhabitant of the Commonwealth until January 1, 1922, and the tax should not be assessed.

In *Hart* v. *Tax Commissioner*, 240 Mass. 37, the taxpayer became domiciled in the Commonwealth in January, 1918. During the preceding year, while domiciled in another State, she received income from property not within the jurisdiction of Massachusetts. She was taxed on this income received during the year 1917. It was held that the tax was invalid. In the course of the opinion it was said, the tax " is laid directly on the income of property, and as already stated is in reality a tax on the property itself. Liability therefor presumably arises when the income passes into the hands of the person beneficially entitled to it; although of necessity the return which enables the State to ascertain the existence and extent of the tax is made at a later time."

The Legislature did not intend to tax the income of a fund received for and accumulated for the beneficiary during the year 1921, when she was not an inhabitant of the Commonwealth. Section 25 of c. 62 is not to be construed as imposing a tax on the income received by the trustee. The tax is to be abated and the sum of $1,538.50, with interest from October 27, 1922, shall be repaid to the complainant by the State treasurer, with costs.

*So ordered.*