FRANK BREWSTER & another, executors, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    November 19, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Tax*, On income. *Executor and Administrator*, Foreign. *Words*, "Apt."

The provisions of G. L. c. 62, § 13, are not applicable to residents of this Commonwealth, appointed by a court of another State and not by a court in this Commonwealth to be executors of the will of one who died there domiciled, and not acting nor empowered to act as trustees under the will; and they cannot be taxed here upon income received by them as such executors from the sale of intangible property of their testator.

COMPLAINT, filed in the Superior Court under G. L. c. 62, § 47, for the abatement of an income tax assessed against

the complainants as executors appointed in Rhode Island of the will of Arthur B. Emmons, late of Newport in that State.

In the Superior Court, the complaint was heard by *O'Connell,* J., upon an agreed statement of facts. Material facts are described in the opinion. The judge, under G. L. c. 231, § 111, reserved and reported the case for determination by this court.

*H. M. Davis,* for the complainants.

*A. Lincoln,* Assistant Attorney General, for the respondent.

CARROLL, J. The complainants, citizens and inhabitants of this Commonwealth, are executors of the will of Arthur B. Emmons, an inhabitant of the State of Rhode Island, which will was admitted to probate by the Probate Court of the City of Newport, Rhode Island, August 24, 1922. They bring this complaint under G. L. c. 62, § 47, for an abatement of a tax on income assessed against them.

One thousand shares of American Can Company stock and twelve hundred rights to subscribe to new shares of the American Telephone and Telegraph Company, belonging to the estate, were sold by the complainants. The defendant assessed to the complainants a tax on $47,701.45, this amount being the difference between the total amount received by the executors from the sale of the securities and rights and the cost of the securities to the testator. *Bingham* v. *Commissioner of Corporations & Taxation,* 249 Mass. 79, had not been decided when the tax was assessed and the defendant concedes that the complainants are entitled to a partial abatement, but contends that the executors are liable to a tax on the gain on sale of the American Can Company stock over its value at the time of the testator's death.

There was no real estate belonging to the testator in this Commonwealth. About one seventh of one per cent of the personal estate, consisting of a deposit in a national bank in Boston, was the only portion of his personal estate in this jurisdiction. The stocks and bonds of the testator were at the time of his death deposited in a safe deposit box in Newport. The shares of the American Can Company were general assets of the estate and were not specifically

bequeathed.   The proceeds from the sale of the shares were deposited in a bank in Boston by the executors and subsequently drawn on by them for the payment of debts, legacies, and expenses of administration.   No ancillary administration has been taken out in this Commonwealth. The trustee named in the will (a corporation of New York) has accepted the trust, and since 1922 the executors have paid over to it the greater part of the residue of the estate. No appointment of such trustee has been made by any court, and it is not required by the law of the testator's domicil.

The contention of the defendant is that, as the executors are inhabitants of this Commonwealth, they are liable to a tax on the income received from the sale of intangible personal property belonging to the estate; that by G. L. c. 62, § 13, the executors who are such inhabitants, appointed under a foreign will, are taxable.   G. L. c. 62, § 10, provides that income received by trustees, any one of whom is an inhabitant of this Commonwealth or has been appointed by a court of this Commonwealth, shall be subject to a tax. By § 11, if an inhabitant of this Commonwealth receives income from a trustee who is not an inhabitant of this Commonwealth or has not received his appointment from a court of this Commonwealth, the income shall be taxed.   Section 12 gives to the trustee the right to claim the exemption provided by subsection (a) of § 8.   Section 13 enacts that these sections (10 to 12 inclusive) '' shall, so far as apt,'' apply to executors, '' to the income received by them and to their beneficiaries.''   Section 13, making § 10 applicable, does not authorize a tax on the complainants upon the income from the sale of intangibles.   Sections 10 to 12 apply to trustees and by § 13 these sections apply to executors only '' so far as apt.''   There are many instances where executors act as trustees.   See *Ricketson* v. *Merrill,* 148 Mass. 76; *Lathrop* v. *Merrill,* 207 Mass. 6.   There is nothing in the agreed statement of facts indicating that the executors were to act as trustees; their only appointment was that of executors, and their authority to act was confined to the performance of their duty as such executors.

It was said in *Wheelwright* v. *Tax Commissioner,* 235 Mass.

584, at page 587, that the word " apt " in the phrase " so far as apt " in § 13, suggests " intimate similitude of conditions." The conditions in the case at bar are not the conditions governed by § 13, where an executor is acting as trustee. The complainants were not trustees and were not acting as such. They were inhabitants of this Commonwealth, but the testator was domiciled in a foreign State, where his will was probated. They received no appointment from the courts of this Commonwealth. A trustee was appointed under the will and the ordinary duties of executor to administer the estate did not bring them within the provisions of § 13. *Welch* v. *Boston,* 221 Mass. 155, does not authorize a tax on the executors in the case at bar. In *Welch* v. *Boston* the plaintiffs held the property as trustees; they did not hold it as executors in the process of settlement of the estate. See *Newcomb* v. *Paige,* 224 Mass. 516; *Hart* v. *Tax Commissioner,* 240 Mass. 37.

The gain on the sale of intangibles on which was levied the assessment is not income by the law of the testator's domicil, as between the life tenant and remainderman; nor is said gain income to be paid as such to a legatee or beneficiary to whom income is payable under the will; and even if the income were accumulated in trust for the benefit of unborn or unascertained persons with contingent interests, these circumstances would be insufficient to warrant the tax against the plaintiffs on the facts agreed to in this case. The executors held the funds in their hands as executors under a foreign appointment, and there is no provision in our tax statute authorizing a tax on such executors, while so acting, because they are inhabitants of this Commonwealth. As was said in *Maguire* v. *Tax Commissioner,* 230 Mass. 503, 513: " Our income tax law is founded upon interstate comity. . . . It taxes only residents of this Commonwealth in respect of property in which they have a beneficial interest. It exempts resident trustees. . . . But it taxes resident *cestuis que trust* in respect of income actually received by them from trust property held in other States and not there taxed." The complainants were not taxable under G. L. c. 62, § 5 (c). Without considering the

many objections urged against the validity of this tax; see *Welch* v. *Adams*, 152 Mass. 74, 83, *Bliss* v. *Bliss*, 221 Mass. 201, 204, *Old Colony Trust Co.* v. *Commissioner of Corporations & Taxation*, 245 Mass. 155; it is sufficient to say that, the residence of the executors being in this Commonwealth, they receiving no appointment from our courts and the testator's will being probated in a sister State, the executors acting as such and not as trustees, according to the statement of facts, cannot be taxed under the statutes of this Commonwealth.

The abatement is granted. The amount thereof is to be repaid to the complainants by the State Treasurer, with interest from the date when the tax was paid at the rate of six per cent per annum, and costs.

*So ordered.*