MARY B. LONGYEAR *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

SAME *vs.* SAME.

SAME *vs.* SAME.

Norfolk.   December 5, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Tax,* On income. *Executor and Administrator. Statute,* Revision.

The omission from the General Laws of certain words of St. 1916, c. 269, § 9, relating to the taxation of income received by an inhabitant of

this Commonwealth from a foreign executor as well as from a foreign trustee, when considered with G. L. c. 62, § 13, which makes § 11, relative to such income received from a foreign trustee, applicable to a foreign executor and income received from him, constituted a mere verbal change in the statutes and did not indicate an intent on the part of the General Court to alter their substantive meaning.

By the will of a resident of another State, where the will was probated, a portion of the residue was bequeathed to one who was an inhabitant of this Commonwealth in 1924, 1925, and 1926. During those years the decedent's estate was in process of settlement, and the executor, who was not a resident of this Commonwealth, paid to the legatee income received by the executor from the residue. *Held,* that such income was taxable to the legatee under the provisions of G. L. c. 62.

THREE COMPLAINTS, filed in the Superior Court on May 25, 1926, June 11, 1927, and March 1, 1928, respectively, seeking the abatement of income taxes.

In the Superior Court, the complaints were heard by *Morton,* J., upon an agreed statement of facts and were reported by the judge without decision for determination by this court under G. L. c. 231, § 111.

*R. Spring,* (*S. Gottlieb* with him,) for the complainant.

*R. A. Cutter,* Assistant Attorney General, for the respondent.

CARROLL, J. These three complaints are brought under the provisions of G. L. c. 62, § 47, as amended, for an abatement of income taxes assessed to the complainant upon income received by her during the years 1924, 1925 and 1926. The same question of law is involved in each complaint. It was agreed that the pleadings in one case only should be printed.

The complainant during the years in question was, and she still is, a resident of Brookline. In these years she received payments of income from the executors of the will of her late husband, formerly a resident of Michigan where his will was probated. None of his executors was a resident of this Commonwealth. One third of the residue of her husband's estate was bequeathed to the complainant. He died May 28, 1922, and his estate during the whole period here in question was in process of settlement, the executors carrying on certain business enterprises of the testator.

The executors during each year in issue paid to the complainant the income in controversy received by them from an undivided third part of the residue. All the income thus received by the complainant, it was agreed, "was income which would have been taxable to a resident of Massachusetts if received directly by such Massachusetts resident either under G. L. c. 62, § 1, as taxable interest or dividends, or under G. L. c. 62, § 5, as taxable business income or as taxable gains." The executors never qualified as trustees, and performed only such duties as they were authorized to perform as executors.

G. L. c. 62, § 11, provides: "If an inhabitant of the Commonwealth receives income from one or more trustees, none of whom is an inhabitant of the Commonwealth or has derived his appointment from a court of the Commonwealth, such income shall be subject to the taxes imposed by this chapter, according to the nature of the income received by the trustees." By § 13 of this chapter, §§ 10 to 12, inclusive, so far as apt, apply to executors, "to the income received by them and to their beneficiaries; except that clauses (a), (b), (c) and (d) of section ten authorizing certain deductions, shall apply only to trustees and guardians." The complainant's contention is that G. L. c. 62, particularly §§ 10 to 13, does not purport to tax income received by a Massachusetts resident from a foreign executor. The defendant commissioner, who dismissed the applications for abatement, contends that § 11 of G. L. c. 62 by § 13 is made applicable to beneficiaries receiving income from foreign executors, since § 13 expressly makes §§ 10 to 12 inclusive, so far as apt, apply "to executors . . . to the income received by them and to their beneficiaries."

St. 1916, c. 269, § 9, enacted, so far as material to this decision, that taxes were to be assessed on income received by an inhabitant of this Commonwealth from a foreign executor as well as from a foreign trustee "according to the nature of the income received by the executors . . . or trustees." See St. 1918, c. 207. The change in the language of the statute which causes the present controversy resulted from the codification and revision of the laws in 1920. In

this revision and codification the words of the section of St. 1916 above referred to, providing for the assessment of taxes on income received by an inhabitant of this Commonwealth from a foreign executor, St. 1916, c. 269, § 9; St. 1918, c. 207, were omitted. But G. L. c. 62, § 11, provides that if an inhabitant of Massachusetts receives income from a foreign trustee such income shall be taxed; and by § 13 of this chapter § 11 shall "so far as apt" apply to executors, "to the income received by them and to their beneficiaries." There was a change in the language of the General Laws from that of the prior statutes, but there was no legislative intention to make a substantive change in the law taxing income received by an inhabitant from a foreign executor. The additional words in § 13 of G. L. c. 62, making § 11 so far as apt apply to the beneficiaries of estates held by foreign executors, as well as to trustees, indicate that the change was merely a verbal one without an intent to change the meaning of the statute; and the abbreviated form of G. L. c. 62, §§ 10–13 contains the substantive provisions of St. 1918, c. 207. The revision of statutes already existing is to be interpreted as a continuation of the earlier provisions, unless there is a clear indication of a legislative intent to change the meaning. *Derinza's Case,* 229 Mass. 435, 442. *Lacy* v. *Selectmen of Winchendon,* 240 Mass. 118, 121. The change in the language of G. L. c. 62, §§ 10 to 13 "was simply the adoption of an abridgment of language in the interest of brevity and of compendiousness of statement. It is a familiar principle of statutory interpretation that mere verbal changes in the revision of statutes do not alter their meaning." *Commonwealth* v. *Kozlowsky,* 238 Mass. 379, 386, 387.

There is nothing in *Brewster* v. *Commissioner of Corporations & Taxation,* 251 Mass. 49, in conflict with what is here decided. There it was held that Massachusetts residents acting as executors under a Rhode Island appointment could not be taxed on income received from the sale of intangible property. Here the person taxed is a resident of Massachusetts who has received income from a foreign executor. The person whose income is taxed is a beneficiary; she would be taxed if this income were received from a

trustee; and receiving it from an executor under the words of the statute did not take away the right to tax it. In *Brewster* v. *Commissioner of Corporations & Taxation* there were no Massachusetts beneficiaries to whom § 13 of G. L. c. 62 was applicable, nor any income to which the section applied. *Wheelwright* v. *Tax Commissioner*, 235 Mass. 584, is not contrary to what is here decided.

In each case the complaint is to be dismissed.

*So ordered.*