Board of Appeals of North Andover *v.* Housing Appeals Committee.

BOARD OF APPEALS OF NORTH ANDOVER *vs.* HOUSING
APPEALS COMMITTEE & others.[1]

Essex.　October 18, 1976. — December 9, 1976.

Present: HALE, C.J., KEVILLE, GOODMAN, GRANT, ARMSTRONG,
& BROWN, JJ.

*Housing. Zoning,* Low and moderate income housing, Housing Ap-
peals Committee. *Municipal Corporations,* Relation to Common-
wealth.

The Housing Appeals Committee, in ordering a local board of appeals
to issue a comprehensive permit for the construction of low and
moderate income housing units, exceeded its authority in providing
as a condition of its order that in the event of a disagreement, in-
cluding any dispute with respect to compliance with the State Build-
ing Code, certification by the Department of Community Affairs
would be adequate proof of compliance where such a condition had
the effect of displacing the procedure provided by the State Build-
ing Code for the resolution of disputes. [677-680] GOODMAN, J., dis-
senting, with whom BROWN, J., joins.

CIVIL ACTION commenced in the Superior Court on June
6, 1975.

The case was heard by *Hallisey, J.*

*Ralph R. Joyce, Jr.* (*Arnold H. Salisbury,* Town Coun-
sel, with him) for the Board of Appeals of North Andover.

*James G. Dolan* for the Planning Office of Urban Af-
fairs, Inc.

*Paula R. Rosen,* Assistant Attorney General, for the
Housing Appeals Committee.

ARMSTRONG, J.　The board of appeals of North An-
dover brings this appeal from a judgment of the Superior

---

[1] Planning Office for Urban Affairs, Inc. (referred to in the opinion
as "the applicant") and Catholic Charitable Bureau of the Archdiocese
of Boston, Inc.

4 Mass. App. Ct. 676                                677

Board of Appeals of North Andover *v.* Housing Appeals Committee.

Court which affirmed a decision by the Housing Appeals Committee ordering the board (under G. L. c. 40B, § 23) to issue a comprehensive permit for the construction of 230 units of low and moderate income housing. The only contention made by the board in this court which has not already been decided adversely to it in *Board of Appeals of Hanover* v. *Housing Appeals Comm.* 363 Mass. 339 (1973) (the *Hanover* case), or been waived by it[2] is that one of the conditions contained in the order of the Housing Appeals Committee is invalid because it conflicts with provisions of the State Building Code and the law under which it was promulgated.

The condition in question provides in part[3] that "[i]n the event that disagreement between the builder and local officials arises, certification by the Department of Community Affairs, if requested, shall be adequate proof of compliance with any requirement under the Comprehensive Permit, or any of the other terms of this order." The board of appeals contends that, as compliance with the

---

[2] We refer particularly to its argument that the defendant Planning Office for Urban Affairs, Inc., is not a proper applicant for a comprehensive permit under G. L. c. 40B, § 21. The transcript shows that the board waived this contention before the Housing Appeals Committee.

[3] The portion quoted in the text appears in the third "further" condition of the order of the Housing Appeals Committee. The context in which it appears is as follows:

"Said Comprehensive Permit shall be subject to the following further conditions:

"1. Construction shall comply with the provisions of the State Uniform Building Code as provided by St. 1972, C. 802, effective January 1, 1975.

"2. No construction shall commence until detailed construction plans and specifications, substantially in accordance with the preliminary plans submitted to the Housing Appeals Committee, shall have been approved by the Massachusetts Housing Finance Agency and until said Agency has granted a construction mortgage loan for the construction of the project.

"3. Compliance inspections shall be carried out by local officials in the usual manner. *In the event that disagreement between the builder and local officials arises, certification by the Department of Community Affairs, if requested, shall be adequate proof of compliance with any requirement under the Comprehensive Permit, or any of the other terms of this order* [emphasis supplied]."

State Building Code is one of the express "terms of this order" (see fn. 3), the condition is intended to displace the procedure provided by the State Building Code for the resolution of disputes concerning compliance with its terms. That procedure provides that, in the event of such a dispute, any appeal by the builder is to be heard by the State Building Code Appeals Board or, in some instances, by a local or regional appeals board with a further appeal to the State Building Code Appeals Board.[4]

Conditions similar to the one at issue in this case were included in the two orders of the Housing Appeals Committee reviewed in the *Hanover* case,[5] both of which preceded the effective date[6] of the State Building Code; consequently, we should have questioned whether the condition was meant to apply to disputes concerning compliance with the State Building Code had the Housing Appeals Committee not stated in its decision that that was in fact what it did intend. "To the extent that ... [the order in question in this case] may differ from the administrative provisions of the new [S]tate [B]uilding [C]ode, the or-

---

[4] General Laws c. 23B, § 23, inserted by St. 1972, c. 802, § 1, states in part: "There shall be in the department [of Community Affairs] a state building code appeals board. ... Whoever is aggrieved by an interpretation, order, requirement, direction or failure to act by any ... person or state or local agency charged with the administration or enforcement of the state building code ... may ... appeal ... to the board. ... The board may establish a local board of appeal in any city or town or a regional board of appeal for more than two or more cities or towns. ... The board may require as a condition precedent to appeal to the board that said appeal be first heard by such local or regional board of appeals." Section 126.1 of the State Building Code states in part: "Whoever is aggrieved by an interpretation, order, requirement, direction or failure to act under the Basic Code by any agency or official of a city, town or region charged with the administration or enforcement of the Basic Code or any of its rules and regulations, excepting any specialized codes, may appeal directly to the State Building Code Appeals Board or may appeal first to a local or regional appeals board and then to the State Building Code Appeals Board. ..."

[5] See fn. 22, 363 Mass. at 373 (condition no. 4 in the Hanover appeal) and 374 (condition no. 8 in the Concord appeal).

[6] January 1, 1975. St. 1972, c. 802, § 67.

4 Mass. App. Ct. 676                                    679

Board of Appeals of North Andover *v.* Housing Appeals Committee.

der of the [Housing Appeals Committee] shall take priority, and resolutions of local disputes between the developer and the town will be resolved pursuant to that order." Again, in an effort to avoid a conflict, we might have assumed that the phrase "local disputes" meant disputes concerning local requirements only; but the decision explicitly blocked this path, making it clear that the condition was intended to apply to disputes concerning the application of the provisions of the State Building Code.[7] The conclusion is inescapable that the condition at issue was intended to, and would, have the effect of displacing the procedure provided by the State Building Code for the resolution of disputes concerning its provisions between the builder or developer on the one hand and the

---

[7] The passage of the decision which immediately precedes the sentence set out in the text is:

"Mr. Dingman ... pointed out to the parties ... that the concern about whether the local building code or law or the BOCA code would be used in the proposed construction was academic since the Commonwealth had adopted a Uniform State Building Code effective January 1, 1975. The Appellant's counsel expressed great concern that any comprehensive permit which might be ordered by the board of appeals could delegate to local building officials the inspection powers to assure compliance with the building code, be it BOCA or the State Building Code. Mr. Corman, Chairman of the Housing Appeals Committee, set forth the basis of the policy of the Committee concerning inspection by local officials and resolution of possible disputes arising from the inspections needed for compliance with the code in the construction process. . . .. It would be unreasonable to expect that the local board of appeals would have the expertise or the time to conduct compliance inspections under the comprehensive permit issued by the board of appeals. The most logical way to implement the necessary inspection process is the delegation to the local inspection agencies, i.e., building inspector, public works inspector, etc. of the duty to make such inspections as are necessary to assure adequate construction and development of the site. Where a comprehensive permit is granted by vacating the denial of the local board of appeals and overruling their decision in action by the [Housing Appeals Committee]; the possibility of the remnants of local adversary relationship existing is something which must be considered. Therefore, disputes between the local building inspector and the developer are best not handled on the local level, but should be decided by an unbiased arbitrator. In our previous cases we have always provided that such disputes will be handled and disposed of by the state agency best equipped to respond to such matters, the Department of Community Affairs."

local building inspector, who is the designated enforcement officer of the code,[8] on the other.

The *Hanover* case held that G. L. c. 40B, §§ 20-23, gave the Housing Appeals Committee "the authority to override local requirements and regulations . . . including zoning ordinances or by-laws." 363 Mass. at 354-355. We find nothing in those sections or in the *Hanover* case which suggests that the Housing Appeals Committee has been empowered to override or ignore laws passed by the Legislature or regulations validly promulgated by the Commonwealth's various boards, departments, agencies or commissions. The position of the Housing Appeals Committee seems, at most, to be that such a power would be helpful in effectuating the legislative purpose underlying §§ 20-23. That is quite possibly true,[9] but it is not a basis for this court to invest the Housing Appeals Committee with powers beyond those given it by the Legislature.

We hold, therefore, that the third condition appearing in the decision of the Housing Appeals Committee is in excess of its authority; and for that reason (and no other)

---

[8] General Laws c. 143, §§ 3 and 3A. In addition, section 108.1 of the code provides that the "inspector of buildings and the local inspector shall enforce all the provisions of the Basic Code and any other applicable state statutes, rules and regulations, or ordinances and by-laws, and act on any question relative to the mode or manner of construction, and the materials to be used in the construction . . . of all buildings and structures . . . except as may otherwise be specifically provided for by statutory requirements or as herein provided."

[9] There was a colloquy during the hearing in which the chairman of the Housing Appeals Committee opined that a local zoning board of appeals, having been overruled and ordered to issue a comprehensive permit, is apt to remain hostile to the project; the town counsel for North Andover responded that an appeal of the type we are concerned with would not be heard by the zoning board of appeals but by a local building code appeals board newly appointed under the authority of § 126.81 of the State Building Code, § 126.82 of which provides that "[e]ach member of a local board of appeals established under section 126.81 shall have had at least five (5) years experience in the construction, alteration, repair and maintenance of building and building codes. At least one (1) member shall be a registered structural or civil professional engineer and one (1) member a licensed professional architect."

the judgment affirming the decision is reversed. The Superior Court, retaining jurisdiction, shall enter an order remanding the case for further proceedings by the Housing Appeals Committee not inconsistent with this opinion.

*So ordered.*

The case was argued before Keville, Goodman and Armstrong, JJ., and was thereafter submitted on the record and briefs to all the other Justices pursuant to Mass.R.A.P. 24(a), 365 Mass. 872 (1974).

GOODMAN, J. (dissenting, with whom Brown, J. concurs). We see no occasion in this case to determine how condition no. 3[1] relates to the two provisions (§ 108.1 and § 126.1) of the State Building Code[2] which the zoning

---

[1] The order of the Housing Appeals Committee provides:

"Said Comprehensive Permit shall be subject to the following further conditions:

"1. Construction shall comply with the provisions of the State Uniform Building Code as provided by St. 1972, C. 802, effective January 1, 1975.

"2. No construction shall commence until detailed construction plans and specifications, substantially in accordance with the preliminary plans submitted to the Housing Appeals Committee, shall have been approved by the Massachusetts Housing Finance Agency and until said Agency has granted a construction mortgage loan for the construction of the project.

"3. *Compliance inspections shall be carried out by local officials in* the usual manner. In the event that disagreement between the builder and local officials arises, certification by the Department of Community Affairs, if requested, shall be adequate proof of compliance with any requirement under the Comprehensive Permit, or any of the other terms of this order."

[2] The State Building Code was adopted pursuant to G. L. c. 23B, § 16 (inserted by St. 1972, c. 802, § 1), and became effective on January 1, 1975. St. 1972, c. 802, § 67.

The board's brief quotes the following from the State Building Code:

"108.1 THE BUILDING OFFICIAL: The building commissioner or inspector of buildings and the local inspector [see G. L. c. 143, § 1, as amended through St. 1974, c. 541, § 11, defining 'inspector'] shall enforce all the provisions of the Basic Code and any other applicable state statutes, rules and regulations, or ordinances and by-laws, and act on any question relative to the mode or manner of construction, and the materials to be used in the construction, reconstruction, alter-

board of appeals (board) asserts to be inconsistent with that condition. Section 108.1 concerns only the local building inspector, who was not a party to the administrative proceeding before the Housing Appeals Committee (committee) or to this action. The parties to the administrative proceeding were the board and the applicant; and the order issued by the committee was directed to the board. Further, there is no present conflict between § 126.1 and condition no. 3 of the committee's order which requires our intervention. The comprehensive permit which the order required the board to issue mandates by condition no. 1 (see fn. 1) construction according to the State Building Code. If there should arise a conflict as to compliance with the State Building Code which arguably calls into question the duties and responsibilities of the building inspector, it will then be time enough to adjudicate the extent to which, if any, condition no. 3 is relevant. Its relationship to the State Building Code should await a concrete situation in which its application is in issue. *Green* v. *Board of Appeal of Norwood,* 358 Mass. 253, 264 (1970). *Lugo* v. *Employees Retirement Fund of the Illumination Prod. Indus.* 529 F.2d 251, 257-258 (1976), cert. den. 429 U.S. 826 (1976). See *County of Middlesex* v. *Gevyn Constr. Corp.* 450 F.2d 53, 55 (1971). This disposition is particularly appropriate here because the plaintiff's brief does no more than cite the two sections of the building code without any attempt at analysis. See Mass.R.A.P. 16 (a) (4), as amended effective February 24,

ation, repair, demolition, removal, installation of equipment, and the location use, occupancy, and maintenance of all buildings and structures, including any building or structure owned by any authority, except as may otherwise be specifically provided for by statutory requirements or as herein provided."

"126.1 STATE BUILDING CODE APPEALS BOARD: Whoever is aggrieved by an interpretation, order, requirement, direction or failure to act under the Basic Code by any agency or official of the city, town or region, or agency or official of the State charged with the administration or enforcement of the Basic Code or any of its rules or regulations, excepting any specialized codes, may appeal directly to the State Building Code Appeals Board. . . ."

4 Mass. App. Ct. 676                          683

Board of Appeals of North Andover *v*. Housing Appeals Committee.

1975, 367 Mass. 921; *Gelinas* v. *New England Power Co.* 359 Mass. 119, 126-127 (1971).

However, since the majority opinion casts doubt on the authority of a zoning appeals board and the committee to enforce building requirements under G. L. c. 40B, §§ 20-23, sometimes called the Anti-Snob Zoning Act, we deem it necessary to state our views:

We see nothing in the State Building Code or the enabling legislation (see fn. 2) — and nothing has been suggested — which changed the powers of a local building inspector to enforce building requirements as such powers existed prior to the enabling legislation. And adoption, after the Anti-Snob Zoning Act, of provisions which existed before its adoption does not affect that statute. See *Opinion of the Justices*, 361 Mass. 897, 899 (1972). "The revision of statutes already existing is to be interpreted as a continuation of the earlier provisions, unless there is a clear indication of a legislative intent to change the meaning [citations omitted]." *Longyear* v. *Commissioner of Corps. & Taxn.* 265 Mass. 585, 588 (1929).

The general constraints added by St. 1972, c. 802, on the building inspector to enforce a uniform State building code rather than a local code (see G. L. c. 143, §§ 3 and 3A) subject to supervision by a State inspector (G. L. c. 143, § 3A; G. L. c. 22, § 4A) are not inconsistent with the conditions in the order of the committee (see fn. 1). Condition no. 1 of the order requires construction in accordance with the State Building Code and condition no. 3 is confined to "disagreement[s] between the builder and *local* officials" (emphasis supplied); it does not purport to affect the powers of State officials.

We do not infer from the enactment of the State Building Code, subsequent to the Anti-Snob Zoning Act, that the entire subject matter of building requirements has been withdrawn from the authority given a local zoning board of appeals under G. L. c. 40B, § 21, to issue a comprehensive permit (which authority is also given to the committee, *Board of Appeals of Hanover* v. *Housing Appeals Comm.*

363 Mass. 339, 355 [1973]), so that in effect the words "building inspector" have been excised from the definition of "Local Board" in G. L. c. 40B, § 20, and the third sentence of G. L. c. 40B, § 21, has been repealed pro tanto.[3]

It rather seems to us that, despite the uniformities imposed by the State Building Code on the traditionally local building requirements, they are still "local requirements" within the *Hanover* case (at 354-355) to the extent that they are — apart from the Anti-Snob Zoning Act — administered by local building inspectors as well as to the extent that — under the Anti-Snob Zoning Act — such administration has been conferred upon local zoning boards or (in default of proper administration by a zoning board) upon the committee.

Our conclusion that the State Building Code and the statutory provisions for enforcement by local building inspectors do not oust the committee of jurisdiction is buttressed by the way the *Hanover* case dealt with sewage disposal controlled by the State Sanitary Code (see G. L. c. 111, § 127A). Though the local board of health is given authority by that statute to enforce the State Sanitary Code (in addition to local requirements) the *Hanover* case (at 381, 382-383) permitted the Housing Appeals Committee to override the rejection by local officials (in that case the zoning board of appeals) of drainage and sewage disposal plans. It specifically upheld the condition imposed by the Housing Appeals Committee that "proposed provisions for drainage and sewage disposal have received approval from the appropriate state authorities" (the *Hanover* case, at 372-373, fn. 22, condition no. 1 for the town of Hanover). Compare condition no. 1 of the

---

[3] "The board of appeals shall request the appearance at said hearing of such representatives of said local boards as are deemed necessary or helpful in making its decision upon such application and shall have the same power to issue permits or approvals as any local board or *official* who would otherwise act with respect to such application, including but not limited to the power to attach to said permit or approval conditions and requirements with respect to height, site plan, size or shape, or *building materials* as are consistent with the terms of this section" (emphasis supplied).

4 Mass. App. Ct. 676    685

Board of Appeals of North Andover v. Housing Appeals Committee.

committee's order in this case (fn. 1). See *Board of Appeals of Maynard* v. *Housing Appeals Comm.* 370 Mass. 64, 68-69 (1976).

If, as we maintain, the comprehensive permit, which the committee has ordered the board to issue, validly includes a building permit, condition no. 3 is merely ancillary to the administration of that building permit. The committee recognized in its decision that the board as a practical matter would be obliged to delegate the supervision of compliance to various local inspectors.[4] And this is the point to the first sentence in condition no. 3: "Compliance inspections shall be carried out by local officials in the usual manner." Where a comprehensive permit has been issued in the first instance by a zoning appeals board under G. L. c. 40B, § 21, any disputes between the builder and local officials to whom the board has delegated the task of compliance supervision would be settled by the board. In this case, where the board has been recalcitrant and the committee was obliged to order the issuance of a comprehensive permit, the committee has decided to take the resolution of such disputes from the board; but instead of exercising this power directly as the surrogate of the board (see the *Hanover* case, at 355) it has lodged this power to settle local disputes in the Department of Community Affairs, apparently in its construction division.[5] In this context the certification in condition no. 3

---

[4] The committee's decision states:

"It would be unreasonable to expect that the local board of appeals would have the expertise or the time to conduct compliance inspections under the comprehensive permit issued by the board of appeals. The most logical way to implement the necessary inspection process is the delegation to the local inspection agencies, i.e., building inspector, public works inspector, etc. of the duty to make such inspections as are necessary to assure adequate construction and development of the site."

[5] At the hearing the chairman of the committee stated:

"The reason we include the General Provision [condition no. 3] . . . in the case of disputes over interpretations and so forth of the Plans [is] that those disputes in the last analysis if they can't be settled between the parties are settled by the Department of Community Affairs Construction Department, the reason for that provision is that we recognize that where the local Board of Appeals has given a permit there

does nothing more than bind the committee and the applicant.

Our view that the Anti-Snob Zoning Act has continued vitality in the area of building requirements need not impinge on the power of State officials to exercise their statutory authority to enforce the State Building Code at the behest of the building inspector or of anyone else for that matter. Nor need we decide whether the building inspector, who is not a party to this action, may become a person "aggrieved" under § 126.1 (see fn. 2), and G. L. c. 23B, § 23, inserted by St. 1972, c. 802, § 1 (see fn. 4 of majority opinion), by the future action of the committee (which may indeed, by virtue of the Anti-Snob Zoning Act, be, in a limited way, a "state . . . agency charged with the administration or enforcement of the state building code").

---

is less of an adversary relationship between the Board of Appeals and the Applicant, and where the Permit has been granted by vacating and/or overruling the Board of Appeals by the Housing Appeals Committee, the possibility of remnants of such adversary relationship existing is something that has to be considered. Therefore, disputes like that are best not decided on the local level, but by an unbiased Arbitrator, and that presumably is the Department of Community Affairs."