## ALEXANDER H. FIELD *vs.* ANNA W. GOODING.

The wife of a mortgagor who has parted with his equity of redemption may be a purchaser under a power of sale in the mortgage, when the conveyance to her in execution of the power is made in the name of the mortgagee.

A sale of mortgaged land under a power in the mortgage deed is not rendered invalid by the mortgagee's failure to file within thirty days afterwards the copy of notice required by the Gen. Sts. c. 140, § 42.

BILL IN EQUITY to redeem land in Cambridge from a mortgage. At the hearing, before *Gray,* J., the following facts appeared :

In 1863 Philip R. Ammidon, being seised in fee of the land, mortgaged it to Samuel T. Ames, by a deed which provided that, on default of performance of the condition of the mortgage, it should be lawful for the grantee, his executors, administrators or assigns, "to sell and dispose of all and singular the premises thereby granted or intended to be granted, and all benefit and equity of redemption of the said Ammidon, the grantor, his heirs, executors, administrators or assigns, therein, at public auction," "and in his or their own names, or as the attorney of the said Ammidon, the grantor, for that purpose by these presents duly authorized, constituted and appointed, to make and deliver to the purchaser or purchasers thereof a good and sufficient deed or deeds of conveyance for the same in fee simple." Ammidon conveyed the premises, subject to this mortgage, to Caleb E. Foster, under whom the plaintiff claimed. After this conveyance of the equity, there was a breach of the condition of the mortgage, and Ames, acting under the power of sale, sold the premises at public auction, where they were struck off to Susan P. Ammidon, the wife of Philip R. Ammidon, and Ames executed and deliv·

ered to her a deed thereof. The defendant claimed under Susan P. Ammidon; and there had also been made to the defendant, for further security, an assignment of the mortgage. Ames, within thirty days after the sale, filed in the registry of deeds the affidavit required by the Gen. Sts. *c.* 140, § 42. The affidavit referred to the notice of sale, but no copy of the notice was filed until after the expiration of the thirty days.

The plaintiff contended that the conveyance to Susan P. Ammidon passed no title; first, because the purchaser at the sale was the wife of the mortgagor; and, secondly, because the copy of the notice was not filed within the thirty days. The case was reported for the determination of the full court; if either of these two objections should be sufficient to maintain the bill, a decree to be entered for the plaintiff; otherwise, the bill to be dismissed.

*T. S. Dame,* for the plaintiff. 1. The mortgagee could sell only as attorney of the mortgagor; Gen. Sts. *c.* 140, § 39; and consequently he could not convey to the latter's wife; *Stetson* v. *O'Sullivan,* 8 Allen, 321; and the conveyance to her operated only as an assignment of the mortgage. *Welch* v. *Priest,* 8 Allen, 165.

2. The Gen. Sts. *c.* 140, § 42, provide that the mortgagee " shall, within thirty days after selling the property in pursuance of the power, file a copy of the notice, and his affidavit, setting forth his acts in the premises fully and particularly, in the office of the registry of deeds in the county or district where the property is situated." A strict compliance with this is necessary. No other evidence is admissible to show that the power was duly exercised. *Purrington* v. *Loring,* 7 Mass. 388. *Wellington* v. *Gale,* 13 Mass. 483. The mortgage must be presumed to be made with reference to the statute, and as if it had been incorporated therein as a condition of sale. If that had been done, the sale would be void. *Smith* v. *Provin,* 4 Allen, 518.

*J. P. Converse,* for the defendant.

COLT, J.* The defendant's title is derived from a sale under

---

* This case was argued in June 1871, before all the judges except MOR-TON, J.

a power contained in a mortgage deed. The wife of the mort-
gagor was the purchaser at the sale, and afterwards conveyed to
the defendant. She thus holds the premises freed from any right
of redemption in the plaintiff, who claims under a later convey-
ance from the mortgagor, unless there is something either in the
fact that the sale was to the wife of the mortgagor, or in the fur-
ther fact that no copy of the notice was filed with the affidavit of
the sale, within the time required by the statute, in the registry of
deeds, to defeat her absolute title.

As to the first, we see no reason why the wife of the mortgagor
may not become a purchaser under the power of sale, and hold
the estate as her sole and separate property, when the convey-
ance is made to her in the name of the mortgagee. The tech-
nical objection, that the husband cannot directly convey to his wife,
does not apply. It is conceded that she may take as assignee of
the mortgage. In this case, at the time of the sale to her, the
husband had conveyed whatever interest he had in the equity of
redemption. It is not like *Stetson* v. *O'Sullivan*, 8 Allen, 321,
where an equity of redemption was sold on execution to the wife
of the judgment debtor. That was the exercise of a statute
power only; no title was ever in the officer making the convey-
ance; leaving in the husband an equity of redemption which
could only be enforced by suit between him and his wife.

It is further insisted that the statute provision requiring that
the mortgagee, in case he should proceed to sell without a decree
of court, shall file a copy of the notice of sale, and an affidavit
of his doings, within thirty days, in the registry of deeds, is per-
emptory, and, if not complied with, the sale itself becomes void
and no title passes. This is not, in the opinion of the court, a
sound interpretation of the statute. The provision is intended to
secure the preservation of evidence that the conditions of the
power of sale named in the deed have been complied with. It is
for the protection of those claiming under the sale, and to pre-
vent litigation. The title passes by the sale and deed, and imme-
diately vests in the purchaser. It was not the intention to make
it subject to a condition subsequent, and liable to be defeated by
a failure of the mortgagee to perform an act which must follow

the conveyance in point of time; and thus add to the conditions prescribed by the mortgagor in the deed. If this was the purpose of the statute, its language would have been more explicit. As it is, its provisions must be regarded as directory, and not precluding a resort to other evidence that the power of sale was duly executed. The mortgagor cannot complain, if the conditions he has chosen to insert in the deed have been in fact complied with. It is to be noticed, that this provision first appeared in 1857 in an act (St. 1857, *c.* 229) entitled "an act to perpetuate the evidence of title to real property obtained under mortgage deeds containing a power of sale;" and although the title is no part of an act, yet, where the enacting clause is doubtful or too general, the title may be resorted to for explanation, or in restraint of its generality. *Henry* v. *Estey*, 13 Gray, 336. *Wilson* v. *Troup*, 2 Cowen, 195. *Arnot* v. *McClure*, 4 Denio, 41. *Tuthill* v. *Tracy*, 31 N. Y. 157. *Bill dismissed, with costs.*