# SUPPLEMENT.

### OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The prohibition contained in c. 2, § 4, art. 1 of the Constitution of the Commonwealth, that "no man shall be eligible as treasurer and receiver-general more than five years successively," which remained in force after the adoption of art. 17 of the Amendments to the Constitution, was repealed by the adoption of art. 64, § 2 of the Amendments, providing that "No person shall be eligible to election to the office of treasurer and receiver-general for more than three successive terms" of two years each.

THE following order was passed by the House of Representatives on March 6, 1923, and was transmitted to the Justices of the Supreme Judicial Court on March 13, 1923.

WHEREAS, There is pending before the General Court a certain recommendation of His Excellency the Governor, incorporated in Senate Document No. 1, a copy whereof is hereto annexed, in which it is recommended in substance that the Constitution be amended so that the length of continuous service of a person as Treasurer and Receiver-General may be definitely determined; and

WHEREAS, The provisions of Section 2 of Article LXIV of the Amendments to the Constitution are not literally inconsistent with nor do they expressly annul the provisions of Article I of Section IV of Chapter II of the Constitution, whereby grave question and uncertainty exist as to whether a person may serve more than five consecutive years as Treasurer and Receiver-General; therefore be it

ORDERED, That the House of Representatives respectfully requests the opinion of the honorable the Justices of the Supreme Judicial Court upon the following important question of law: Do the provisions of Section 2 of Article LXIV of the Amendments to the Constitution in effect annul the limitation on the

length of continuous service of a person as Treasurer and Re-ceiver-General imposed by Article 1 of Section IV of Chapter II of the Constitution?

The portion of the inaugural address of the Governor, above referred to, was as follows:

The Constitution of Massachusetts provides that no person shall serve as Treasurer and Receiver-General of the Common-wealth for more than five consecutive years. When biennial elections were adopted, unfortunately no change in the tenure of the office of Treasurer was made. I recommend that action be taken to amend the Constitution so that no person shall serve as Treasurer and Receiver-General more than six consecutive years.

On March 21, 1923, the Justices returned to the House of Representatives the following answer to the question propounded in the order.

To the Honorable the House of Representatives of the Common-wealth of Massachusetts:

The Justices of the Supreme Judicial Court have considered the important question of law presented by the order of March 13, 1923, copy of which is hereto annexed, and respectfully return this answer:

It was provided by c. 2, § 4, art. 1, of the Constitution that the treasurer and receiver general "shall be chosen annually, by joint ballot of the senators and representatives" and that "no man shall be eligible as treasurer and receiver-general more than five years successively." It was provided by art. 17 of the amendments to the Constitution that the treasurer and re-ceiver general shall be chosen annually by the people at the general election in November, and that "The qualification of the voters, the manner of the election, the return of the votes, and the declaration of the election, shall be such as are required in the election of governor." There was in this art. 17 no express repeal of the part of c. 2, § 4, art. 1 of the Constitution as to

election by joint ballot of the senators and representatives. A definite statement of such repeal would have been superfluous. The new provision concerning the election of the treasurer and receiver general by necessary implication abrogated the old provision on the same subject. There was nothing in the amendment art. 17 concerning the number of consecutive terms of office of one person as treasurer and receiver general. Therefore the original probihition against more than five successive years remained unimpaired.

The adoption of art. 64 of the Amendments to the Constitution wrought two changes respecting the office of treasurer and receiver general: first, it substituted biennial elections with a term of two years in place of annual elections for a term of one year; second, it made a person ineligible to election "for more than three successive terms." No express repeal of the provision for annual election for a term of one year or of the prohibition against more than five consecutive years in office by one person is found in art. 64.

The Constitution as originally adopted and all its amendments form together one instrument. It declares briefly and comprehensively the fundamental principles of government. It ordinarily is not detailed or complicated and does not deal in the minute particulars appropriate to a statute. Its words and phrases ought to be interpreted in the sense most obvious to the common understanding, because they were proposed for adoption by all the people entitled to vote.

A constitutional prohibition against eligibility of one person to be treasurer and receiver general for more than five years successively in connection with annual elections is by necessary intendment nullified by a later constitutional prohibition against eligibility of one person to the same office for more than three successive terms in connection with biennial elections. The construction that one may not be "eligible as treasurer and receiver-general more than five years successively" and yet be eligible for election for three successive terms is not permissible.

A repeal of the earlier prohibition of c. 2, § 4, art. 1 against one person holding the office of treasurer and receiver general for more than five successive years followed as the imperative consequence of the new and different provisions of art. 64 of

the amendments as to the same matter by prohibiting eligibility of one person for election for more than three successive terms of two years each. That article of amendment is the latest expression of the will of the people on the subject. By its own force it rendered nugatory all inconsistent pre-existing provisions of the Constitution and its amendments.

The question is answered in the affirmative.

ARTHUR P. RUGG.
HENRY K. BRALEY.
CHARLES A. DE COURCY.
JOHN C. CROSBY.
EDWARD P. PIERCE.
JAMES B. CARROLL.
CHARLES F. JENNEY.