## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law*, Initiative, Referendum.  *Ballot.*

In the opinion of the justices, pending legislation providing for the printing of the description of a proposed amendment to the Constitution or of a law submitted to the people under the provisions of art. 48 of the amendments to the Constitution in a disconnected official pamphlet attached to each voting booth, with a reference thereto in the question, or on the ballot but below the question and numbered, instead of in the body of the question on the ballot and opposite the squares provided for the voter to use in expressing his preference, would be contrary to the requirements of said art. 48.

On June 2, 1936, the House of Representatives adopted the following order:

WHEREAS, The forty-eighth amendment to the Constitution of the Commonwealth provides that a description, to be determined by the attorney general, of each proposed amendment to the Constitution and each law to be submitted to the people under said forty-eighth amendment shall be inserted, in a parenthetical manner, in the body of the question relating thereto, as appearing on the ballot, whereby the question is made difficult to understand and confusion is created in the minds of the voters; and

WHEREAS, Two bills are now pending in the House of Representatives, each of which is designed to make such a question more intelligible to the voters by providing for the insertion therein of the description of the measure to which the question relates, by reference as provided therein, said bills being numbered House seven hundred and seventy-nine and House eighteen hundred and forty-two, a copy of each of which is submitted herewith; and

WHEREAS, There is doubt as to whether or not either of said bills would be constitutional, if enacted into law, and

WHEREAS, It is the sense of the House of Representatives that the confusion created in the minds of the voters when confronted in the voting booth with such questions as heretofore expressed on the ballot is such that a public emergency exists requiring that a determination of the following questions as to the constitutionality of said bills be rendered to this House of Representatives in season for action on the subject-matter thereof by this General Court or, if that is not possible, to the House of Representatives of the next General Court; therefore, be it

ORDERED, That the opinions of the Honorable Justices of the Supreme Judicial Court be required by the House of Representatives on the following important questions of law:

1. Would the insertion in such a question, as appearing on the ballot, of a description of the measure to which it relates, by means of a reference to an official pamphlet conveniently accessible to the voters in each voting booth, all substantially as provided in said bill, House 1842, be in compliance with the requirements of said forty-eighth amendment?

2. Would the insertion in such a question, as appearing on the ballot, of a description of the measure to which it relates, by means of a reference to a detailed description appearing elsewhere on the ballot, all substantially as provided in said House 779, be in compliance with the requirements of said forty-eighth amendment?

The order was transmitted to the Justices on June 3, 1936, and on June 11, 1936, they returned the following answers:

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions in an order adopted on June 2, 1936, and transmitted to them on June 3, 1936, copy whereof is hereto annexed.

These questions relate to pending bills touching the "description" of a proposed amendment to the Constitution and of a law submitted to the people required to be printed on the ballot under the initiative and referendum provisions of art. 48 of the Amendments to the Constitution. That article contains a division entitled "GENERAL PROVISIONS." Part III of that division is designated "*Form of Ballot.*" Its words and arrangement are as follows:

"Each proposed amendment to the constitution, and each law submitted to the people, shall be described on the ballots by a description to be determined by the attorney-general, subject to such provision as may be made by law, and the secretary of the commonwealth shall give each question a number and cause such question, except as otherwise authorized herein, to be printed on the ballot in the following form: —

In the case of an amendment to the constitution: Shall an amendment to the constitution (here insert description, and state, in distinctive type, whether approved or disapproved by the general court, and by what vote thereon) be approved?

| YES | |
| NO | |

In the case of a law: Shall a law (here insert description, and state, in distinctive type, whether approved or disapproved by the general court, and by what vote thereon) be approved?"

| YES | |
| NO | |

The "*Form of Ballot*" to be submitted to the voters under the initiative and referendum thus is included in that which the "people reserve to themselves" under Part I, "Definition," of said art. 48. The power of the General Court with reference to the "*Form of Ballot*," so far as therein mentioned, is limited to regulations as to the "description to be determined by the attorney general." It is manifest that this does not comprise power to change the position of that description as prescribed in the "*Form of Ballot*." By "General Provisions," Part VII, it is declared: "This article of amendment to the constitution is self-executing, but legislation not inconsistent with anything herein contained may be enacted to facilitate the operation of its provisions." This confers no jurisdiction to enact legislation contrary to the terms of said art. 48. Therefore the conformity of the pending bills to the Constitution must be determined by said art. 48, without the aid of special power conferred upon the General Court.

The word "description" in this part of said art. 48 was defined in *Opinion of the Justices*, 271 Mass. 582, 589. It signifies a fair portrayal of the chief features of the proposed amendment or law in words of plain meaning, so that it can be understood by the persons entitled to vote. It must be complete enough to convey an intelligible idea of the scope and import of the proposed amendment or law. It ought not to be obscured by undue particularity, nor yet so abbreviated as not to be readily comprehensible. It ought to be free from every misleading tendency, whether of amplification or of omission. The provisions of Part III as to the "*Form of Ballot*" must be construed in connection

with Part IV of the same division of said art. 48, whereby a printed copy of the full text of every measure to be submitted to the people together with arguments for and against the measure and certain other information shall be seasonably sent to each registered ·voter in the Commonwealth. (See G. L. [Ter. Ed.] c. 54, §§ 53, 54.) Thus opportunity is afforded to every voter to know before the day of election the terms of every measure on which he is to vote under said art. 48.

A constitution as a frame of government is to be interpreted with a view to the broad purposes intended to be accomplished by its adoption. The general principles are established and need not be repeated. *Attorney General* v. *Methuen*, 236 Mass. 564, 575–576. *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 99. *Opinion of the Justices*, 271 Mass. 582, 589. *Mount Washington* v. *Cook*, 288 Mass. 67, 70. Cooley's Constitutional Limitations (8th ed.), 159. Said art. 48 contains much more of detail than other parts of the Constitution. It was phrased with great care. Its provisions are mandatory. When minute and clear directions are given in a constitution as to the performance of a specified duty, there is every reason to believe that it was designed to be performed in that way alone.

The first question relates to House bill No. 1842. Its provisions in effect are that the "description" of each measure to be submitted to the people, prepared by the Attorney General as required by *"Form of Ballot"* of said art. 48, already quoted, shall not be printed on the ballot but shall be printed in a disconnected official pamphlet attached to each voting booth. The attempt is made to incorporate by reference the "description" thus printed in a separate instrument into the question printed on the ballot. We think it plain that such incorporation of a disjoined description into the ballot is contrary to the requirements of said art. 48.

The first question is answered "No."

The second question relates to House bill No. 779. Its provisions in substance are that the "description" of each measure to be submitted to the people shall not be inserted

in the question as printed on the ballot but shall be "printed below and numbered." This complies with the first paragraph of said *"Form of Ballot"* in that the description is to be printed on the ballot. The next two paragraphs of said *"Form of Ballot,"* however, are explicit and unequivocal in the requirement as to the precise place on the ballot where the "description" must appear. The mandate is positive that it shall be inserted "here," that is to say, in the body of the question and opposite the squares provided for the voter to use in expressing his preference. A statement at the place thus specified for the insertion of the "description" to the effect that such description may be found elsewhere on the ballot is not a compliance with the positive mandate that the description shall occupy a place clearly designated by unmistakable words. These plain words are emphasized by the graphic arrangement of the rigid details of the ballot as set forth in said *"Form of Ballot"* and easily observable on its inspection. This may be thought to be an instance where the Constitution has prescribed an exact rule touching a subject which as matter of abstract reasoning might not be regarded as of essential importance. But it is in the *"Form of Ballot"* of said art. 48 as an absolute, unvarying command by which conduct of public officers must be shaped. It must be treated as binding upon all branches of the government. Interpreting the words of the second and third paragraphs of said *"Form of Ballot"* in their natural sense, we are of opinion that there is no room for construction so as to uphold House bill No. 779 as in conformity to the requirements thus established.

The second question is answered "No."

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.