OPINION OF THE JUSTICES TO THE SENATE AND THE HOUSE
OF REPRESENTATIVES.

*Constitutional Law,* Impairment of the obligation of contracts, Taxation, Initiative.

A proposed amendment to the Constitution of the Commonwealth that "No taxes on real estate shall in any year be levied, assessed or collected in an amount greater than two and one-half per cent of the fair cash value" would not be in violation of § 10 of art. 1 of the Federal Constitution as an impairment of the obligation of contracts of municipalities of the Commonwealth.

A description, in an initiative petition, of a proposed amendment to the Constitution as one providing "that real estate . . . shall not in any year be taxed in an amount greater than two and one-half per cent of the fair cash value thereof" was inadequate and misleading, and did not meet the requirements of art. 48 of the Amendments to the Constitution relating to the Initiative, where it appeared that the proposed amendment provided that "No taxes on real estate shall in any year be levied, assessed or collected in an amount greater than two and one-half per cent of the fair cash value."

On May 20, 1937, the following order was adopted by the Senate and on the same day was adopted in concurrence by the House of Representatives:

WHEREAS, There purports to be pending before the General Court, under the provisions of Article XLVIII of the Amendments to the Constitution of the Commonwealth relative to the Initiative, a certain matter, which has been referred to its Committee on Constitutional Law, purporting to be an initiative petition for an Amendment to the Constitution providing for a tax limitation on real estate, printed as current House document numbered three hundred and eighty-six, a copy whereof is herewith submitted; and

WHEREAS, Grave doubt exists whether the proposed Amendment to the Constitution, if adopted, would be in violation of section 10 of Article I of the Constitution of the United States as constituting a law impairing the obligation of the contracts of those who hold the bonds, notes and other evidences of indebtedness of cities and towns within the Commonwealth issued prior to the adoption of said amendment; and

WHEREAS, Grave doubt exists whether said Article XLVIII has been so far complied with, particularly with respect to the adequacy of the description of the proposed measure, that such document properly constitutes an initiative petition, and therefore whether the matter contained in said document is legally "introduced and pending" before the General Court so that the procedure required by said Article XLVIII in relation to Amendments to the Constitution proposed by initiative petitions should be followed; and

WHEREAS, Grave doubt exists whether or not the subject matter of the proposed Amendment to the Constitution restricts the power of the General Court to raise by taxation or otherwise and appropriate such money as may be necessary to carry a law approved by the people into effect as required in section 2 of that part of Article XLVIII of the Amendments to the Constitution of the

Commonwealth captioned "THE INITIATIVE. *II. Initiative Petitions.*", thereby in effect amending said section 2 and making the provisions thereof the subject matter of an initiative petition in violation of the provisions of said section 2; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the General Court on the following important questions of law:

1. If the foregoing proposed Amendment were adopted would it constitute a law impairing the obligation of contracts in violation of section 10 of Article I of the Constitution of the United States, with respect to bonds and notes and other evidences of indebtedness issued by cities and towns within the commonwealth prior to the adoption of the Amendment and outstanding at the date of such adoption?

2. Does the "description of the proposed measure" in the form in which it appears in said House document numbered three hundred and eighty-six, required by said Article XLVIII to be printed at the top of each signature blank and also upon the ballot, meet the requirements of said Article and adequately inform the voters as to the provisions of the proposed law, especially upon the following points:

(*a*) That it would, or might, not be within the power of a city or town, if said Amendment were adopted, to collect in any year taxes assessed with respect to a particular parcel of real estate in excess of two and one-half per cent of the value thereof, even though said taxes were assessed prior to the adoption of the amendment or constituted the taxes assessed upon said parcel for more than one year; and

(*b*) That it would, or might, not be within the power of the General Court, if such Amendment were adopted, to continue to exempt from taxation the real estate of religious, charitable and educational institutions; and

(*c*) That it would, or might, not be within the power of the General Court, if such Amendment were adopted, to con-

tinue to provide for the taxation of machinery as personal property when it was erected on or affixed to land?

3. Would the submission of the foregoing proposed Amendment to the vote of the people under the provisions of Article XLVIII of the Amendments to the Constitution of the Commonwealth be in violation of the fourth paragraph of section 2 of that part of said Article XLVIII captioned "THE INITIATIVE. *II. Initiative Petitions.*", for the reason that such section was the subject of the petition, or for any other reason?

The order was transmitted to the Justices on May 24, 1937, and on May 28, 1937, they returned the following answers:

To The Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions in an order adopted on May 20, 1937, and transmitted to them on May 24, 1937, copy whereof is hereto annexed. These questions relate to an "initiative petition for an amendment to the Constitution providing for a tax limitation on real estate." It provides that "No taxes on real estate shall in any year be levied, assessed or collected in an amount greater than two and one-half per cent of the fair cash value." It is a matter of common knowledge that in many cities and towns the tax rate at present is in excess of the limitation proposed to be established by the amendment.

1. The first question is whether the proposed amendment, if adopted, would constitute a law impairing the obligation of contracts. By § 10 of art. 1 of the Constitution of the United States "No state shall . . . pass any . . . law impairing the obligation of contracts." The remedies for the enforcement of contractual "obligations assumed by a municipal corporation, which existed when the contract was made, must be left unimpaired by the legislature, or, if they are changed, a substantial equivalent must be pro-

vided. Where the resource for the payment of the bonds of a municipal corporation is the power of taxation existing when the bonds were issued, any law which withdraws or limits the taxing power and leaves no adequate means for the payment of the bonds is forbidden by the Constitution of the United States, and is null and void." *Mobile* v. *Watson*, 116 U. S. 289, 305. It has also been held that "The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced, — by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. If it tend to postpone or retard the enforcement of the contract, the obligation of the latter is to that extent weakened." *Louisiana* v. *New Orleans*, 102 U. S. 203, 206–207. *Hendrickson* v. *Apperson*, 245 U. S. 105, 113. It is commonly not a question of the degree of impairment of the contract. If there is any substantial impairment of the obligation it encounters the prohibition. *Thompson* v. *Auditor General*, 261 Mich. 624, 640.

If the sole remedy of the creditors holding evidences of indebtedness issued by cities and towns within this Commonwealth were the revenue to be derived from taxation, there would be grave doubt about the constitutionality of the proposed amendment. It is not inconceivable that the financial condition of some cities and towns in the Commonwealth may be such as to require drastic legislation for their regulation and protection. See St. 1931, c. 44; *Broadhurst* v. *Fall River*, 278 Mass. 167. But the remedy of creditors of municipalities in Massachusetts is not restricted to revenue derived from taxation. "By the common law of Massachusetts and of other New England States, derived from immemorial usage, the estate of any inhabitant of a county, town, territorial parish or school district, is liable to be taken on execution on a judgment against the corporation." *Hill* v. *Boston*, 122 Mass. 344, 349–350. *Hawkes* v. *Kennebeck*, 7 Mass. 461, 463. *Gaskill* v. *Dudley*, 6 Met. 546. *Chase* v. *Merrimack Bank*, 19 Pick. 564, 569. We assume that this remedy is also available to creditors of cities as well as of towns. *Nichols* v. *Ansonia*, 81 Conn. 229, 235, 236. There-

fore the remedy of a creditor of a municipality in Massachusetts is reinforced by the right to levy an execution issued on a judgment in his favor on the real estate of any person within such city or town. The right to sell such real estate on execution may not be in all respects so convenient as collection from a town or city treasurer. It cannot, however, be regarded as the impairment of the obligation of a contract to reduce the amount assessable upon real estate for purposes of taxation to a point where it may be necessary to resort to this remedy.

The first question is answered No.

2. The second inquiry is whether the "description of the proposed measure" conforms to art. 48 of the Amendments. It is provided by said art. 48 that "a description of the proposed measure" must be upon the petition in the form in which it will appear on the ballot. Art. 48, The initiative, II, § 3; The Referendum, General Provisions, *IV. Information for Voters.* " 'Description' in these circumstances signifies a fair portrayal of the chief features of the proposed law in words of plain meaning, so that it can be understood by the persons entitled to vote. It must be complete enough to convey an intelligible idea of the scope and import of the proposed law. It ought not to be clouded by undue detail, nor yet so abbreviated as not to be readily comprehensible. It ought to be free from any misleading tendency, whether of amplification, of omission, or of fallacy." *Opinion of the Justices,* 271 Mass. 582, 589. The description of the proposed measure states that it adds to the Constitution an article "which provides that real estate . . . shall not in any year be taxed in an amount greater than two and one-half per cent of the fair cash value thereof." The proposed amendment provides that "No taxes on real estate shall in any year be levied, assessed or collected in an amount greater than two and one-half per cent of the fair cash value." It is apparent that this description does not fairly state the substance of the proposed amendment. The description confines its operation to taxation in any year while the proposed measure itself prohibits the levying, assessment or collection in any year of taxes greater than the amount

specified.   The collection of taxes constitutes an act in addition to and different from the assessment and levying of taxes.   The description is inadequate and misleading. *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 99. It follows that the description does not meet the requirement specified in subdivision (*a*) of question 2.   It is not deemed necessary to answer in detail subdivisions (*b*) and (*c*) in question 2.   Particularity as to the operation of the act may not be necessary in the description.   The interpretation of the proposed amendment as to powers of exemption and taxation of machinery as personal property was not required in a description and we express no opinion on those points.

The second question is answered No.

3. In view of the answers already given it does not seem necessary to consider question 3.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.