# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE SENATE AND HOUSE OF REPRESENTATIVES.

*Constitutional Law*, Religion, Initiative. *Contraceptive.* Words, "Religion," "Full text."

A proposed law, in substance that the provisions of G. L. (Ter. Ed.) c. 272, §§ 20, 21, relating to the prevention of pregnancy or conception should not apply to certain medical treatment or prescription, nor to teaching in chartered medical schools, nor to the publication or sale of medical treatises or journals, did not relate to "religion, religious practices or religious institutions" within the "Excluded Matters" of the Initiative in art. 48 of the Amendments to the Constitution of the Commonwealth.

An initiative petition for a proposed law limiting the scope of the provisions of specified sections of the General Laws was in compliance with the requirement of art. 48 of the Amendments to the Constitution, II, § 1, that the petition set forth the "full text" of the proposed law, if the precise terms thereof were set forth therein without any statement of the terms of the sections so affected.

A law proposed by initiative petition, in substance that the provisions of G. L. (Ter. Ed.) c. 272, §§ 20, 21, relating "to the prevention of pregnancy and the prevention of conception" should not apply to certain medical treatment or prescription, nor to teaching in chartered medical schools, nor to the publication or sale of medical treatises or journals, contained only subjects "related or . . . mutually dependent" as required by art. 48 of the Amendments to the Constitution, II, § 3.

Respecting a law proposed by initiative petition and limiting in certain particulars the scope of specified sections of the General Laws, a description setting forth a fair summary of the provisions of such sections and the proposed limitations thereof in substantially the language of the proposed law, was sufficient within the requirements of art. 48 of the Amendments to the Constitution.

On May 1, 1941, the Senate and the House of Representatives adopted a joint order seeking opinions of the Justices, the substance of which is set out in the opinions later filed. The order was transmitted to the Justices on May 5, and on May 16 the following answers were returned and were read in the Senate and the House on May 19:

To The Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted on May 1, 1941, and transmitted to the Justices on May 5, 1941, a copy of which is hereto annexed.

The questions relate to an initiative petition under art. 48 of the Amendments to the Constitution of the Commonwealth, printed as House Document No. 2035, for a proposed law entitled "An Act to allow physicians to provide medical contraceptive care to married persons for the protection of life or health," which is as follows: "To amend Chapter 272 of the General Laws as appearing in the Tercentenary Edition by adding at the end of Section twenty-one the following: — The provisions of this section and of section twenty which relate to the prevention of pregnancy and the prevention of conception shall not apply to treatment or prescription given to married persons for protection of life or health by or under the direction of physicians registered in accordance with the provisions of Chapter 112; nor to teaching in chartered medical schools; nor to publication or sale of medical treatises or journals."

The description of the proposed law as determined by the Attorney General (see art. 48, The Initiative, II, § 3; General Provisions, III, IV) is as follows: "The proposed measure provides that the present statutes which make it a crime punishable by fine or imprisonment knowingly to advertise, print, publish, distribute or circulate any matter containing reference to any person from whom or place where any drug, instrument or means whatever, or any advice or information may be obtained, for the purpose of preventing pregnancy, or to sell, lend, give away, exhibit, offer or advertise any drug, medicine, instrument or other article for the prevention of conception, or to write or print information of any kind stating when, where, how, of whom, or by what means such article can be obtained, or to manufacture or make such article, shall not apply to treatment or prescription given to married persons for

protection of life or health by or under the direction of registered physicians nor to teaching in chartered medical schools nor to publication or sale of medical treatises or journals."

The first question submitted is: "Is said proposed law a measure that relates to religion, religious practices or religious institutions, within the meaning of the initiative provisions of said Article XLVIII?"

Article 48 of the Amendments to the Constitution of the Commonwealth, The Initiative, II, § 2, lists certain "*Excluded Matters*" and provides, among other things, that no "measure that relates to religion, religious practices or religious institutions . . . shall be proposed by an initiative petition." See also The Referendum, III, § 2. These words in the Amendment are to be interpreted in the light of their context and of the Constitution and its Amendments as a whole. See *Raymer* v. *Tax Commissioner*, 239 Mass. 410, 412. They "are to be given their natural and obvious sense according to common and approved usage." *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 158. *Opinion of the Justices*, 243 Mass. 605, 607; 308 Mass. 619, 626.

The Constitution of the Commonwealth contains no definition of "religion," "religious practices" or "religious institutions." But it contains provisions by which religious freedom is guarded and which furnish indications of the meaning of these words. Article 2 of the Declaration of Rights provides: "It is the right as well as the duty of all men in society, publicly, and at stated seasons to worship the SUPREME BEING, the great Creator and Preserver of the universe. And no subject shall be hurt, molested, or restrained, in his person, liberty, or estate, for worshipping GOD in the manner and season most agreeable to the dictates of his own conscience; or for his religious profession or sentiments; provided he doth not disturb the public peace, or obstruct others in their religious worship." And art. 46 of the Amendments, § 1, provides: "No law shall be passed prohibiting the free exercise of religion," and § 2 prohibits the use of public money "for the purpose of

founding, maintaining or aiding any church, religious denomination or society." See also § 4. In *Davis* v. *Beason*, 133 U. S. 333, 342, it was said, and the statement was quoted with approval in *Nicholls* v. *Mayor & School Committee of Lynn*, 297 Mass. 65, 70, that the "term 'religion' has reference to one's views of his relations to his Creator, and to the obligations they impose of reverence for his being and character, and of obedience to his will."

Some or many persons may regard all conduct as involving obedience or disobedience to the will of the Creator. But it is apparent that it was not intended by the provision of the Amendment here in question to exclude from the initiative all measures relating to conduct. The enumeration of several classes of measures that should not be subject to the initiative precludes such an interpretation. And such an interpretation would to a large extent be destructive of the right to the popular initiative reserved to the people by art. 48, I. The provision under consideration, like the similar provision relating to the referendum, recognizes that there is a field for the exercise of the legislative power of the people which is secular rather than religious, and that a measure to be excluded thereby from the initiative must relate distinctively "to religion, religious practices or religious institutions." It is not our function in this opinion to distinguish between matters secular and matters religious except so far as is necessary to answer the question submitted with respect to the proposed law.

The proposed law is in the field of the police power for the promotion and preservation of the public health by regulating medical prescription and treatment and teaching in medical colleges and by medical treatises and journals. See *Commonwealth* v. *Houtenbrink*, 235 Mass. 320, 323–324. According to common understanding, this, in general, is a secular field. And in our opinion the particular nature of the proposed law does not take it out of this field. The proposed law makes no discrimination by reason of the religious views of the persons within its scope. It neither commands nor prohibits any form of religious belief or the teaching thereof, or any form of religious worship or reli-

gious practice. And it does not command or prohibit conduct on the part of any person that in his "views of his relations to his Creator . . . and of obedience to his will" constitutes obedience or disobedience to the will of the Creator. Indeed, it does not command or prohibit any conduct whatever on the part of any person. The proposed law is purely permissive. Religion is not a factor in its application and, if approved by the voters, it will not interfere with the freedom of any person within its scope to act in strict accordance with his religious views.

We are of opinion that the proposed law is not a law "that relates to religion," and, for like reasons, if not for others, that it is not a law "that relates to . . . religious practices or religious institutions," within the meaning of said art. 48, The Initiative, II, § 2.

We answer the first question submitted "No."

The second question submitted is: "Does said initiative petition conform to the constitutional requirements contained in said article that the full text of the law proposed by the petition be set forth therein?"

Article 48 of the Amendments, The Initiative, II, § 1, is as follows: "An initiative petition shall set forth the full text of the constitutional amendment or law, hereinafter designated as the measure . . . proposed by the petition." Article 48, General Provisions, IV, provides that the Secretary of the Commonwealth "shall cause to be printed and sent to each registered voter in the commonwealth the full text of every measure to be submitted to the people," together with certain other information including "a description of the measure as such description will appear on the ballot."

The constitutional provisions relating to the initiative are made in pursuance of the reservation to the people of the "power of a specified number of voters to submit constitutional amendments and laws to the people for approval or rejection." Art. 48, I. The matter to be submitted to the people for their approval or rejection is the proposed law in the precise terms in which it is stated in the petition. It is the proposed law in these precise terms that will become

law if adopted. The purpose of the provision requiring the Secretary to send to each voter the "full text" of a proposed law that is to be submitted to the people is to afford to every voter opportunity "to know before the day of election the terms of every measure on which he is to vote." *Opinion of the Justices*, 294 Mass. 610, 614. The words "full text," as used in the constitutional provisions, refer to the precise terms of a proposed measure and nothing more. They do not refer to the effect of a proposed law, if adopted, on existing law. Compare *Opinion of the Justices*, 297 Mass. 582, 588. This is true with respect to the law proposed by the present petition notwithstanding the fact that this law is to be added to G. L. (Ter. Ed.) c. 272, § 21, and refers to that section and to G. L. (Ter. Ed.) c. 272, § 20. Neither of these sections is a part of the "full text" of this proposed law, whatever effect it may have upon them, if adopted. The petition sets forth the "full text" of this proposed law.

We answer the second question submitted "Yes."

The third question submitted is: "Does said proposed law contain subjects which are neither related nor mutually dependent, in violation of any provision of said article?"

The certificate of the Attorney General, required by art. 48, The Initiative, II, § 3, states, among other things, following in this respect the language of this section, that the proposed measure "contains only subjects . . . which are related or which are mutually dependent." This statement is correct. The general subject of the proposed law is the "prevention of pregnancy" and the "prevention of conception," matters that are substantially if not absolutely identical. By two sections (§§ 20 and 21) of G. L. (Ter. Ed.) c. 272, referred to in the proposed law, conduct of various types therein described relating to "preventing . . . pregnancy" (the phrase used in § 20) or the "prevention of conception" (the phrase used in § 21) creates liability to criminal penalty. The obvious purpose of the proposed law is to remove from the application of these two sections certain limited classes of conduct of this nature. That the matter is dealt with in existing law by two sec-

tions of the statutes rather than by one section does not render the subjects of the two sections unrelated. Nor can it rightly be said that the particular subjects, "treatment or prescription given to married persons," "teaching in chartered medical schools," and the "publication or sale of medical treatises or journals," are not related, in view of the relation of each of them to the general subject and purpose of the proposed law. The particular subjects of the proposed law appear to be germane to the general subject of prevention of pregnancy or conception, to such an extent, at least, that they cannot rightly be said to be unrelated.

We answer the third question submitted "No."

The fourth question submitted is: "Does the description of said proposed law, as determined by the Attorney General, conform to the requirements of said article for a description?"

The order does not bring to our attention any particular feature of the description with respect to which it might be thought to fail to conform to the constitutional requirements. Comparison of the description with the proposed law, however, discloses no failure to conform to these requirements. The description sets forth generally the provisions of §§ 20 and 21 of G. L. (Ter. Ed.) c. 272, relating to preventing pregnancy or the prevention of conception, and states that the proposed law provides that the "present statutes . . . shall not apply" to conduct described in terms that follow, without substantial variation, the language of the proposed law. The statement of the provisions of said §§ 20 and 21 constitutes a fair general summary of these provisions with only little less detail than in the sections themselves. In our opinion the description meets the requirements of a "description" as stated in *Opinion of the Justices*, 271 Mass. 582, 588, 589. See also *Opinion of the Justices*, 297 Mass. 582, 587. This description, in the language used in these opinions, is a "fair portrayal of the chief features of the proposed law in words of plain meaning, so that it can be understood by the persons entitled to vote . . . complete enough to con-

vey an intelligible idea of the scope and import of the proposed law . . . [and] free from any misleading tendency, whether of amplification, of omission, or of fallacy." Any possible misleading tendency in the limited form of the title of the proposed law is corrected by the description. See *Opinion of the Justices*, 271 Mass. 582, 589–590.

We answer the fourth question submitted "Yes."

The fifth question submitted is: "Is said proposed law properly introduced and pending before the General Court under the initiative provisions of said article?"

The "practice always has been for the Justices to confine their answer to the particular questions of law submitted to them." *Opinion of the Justices*, 145 Mass. 587, 592. Compare *Opinion of the Justices*, 297 Mass. 559, 566–567. So far, however, as appears from the matters brought specifically to our attention by the order and considered in answering the previous questions, this question must be answered "Yes."

> FRED T. FIELD.
> CHARLES H. DONAHUE.
> HENRY T. LUMMUS.
> STANLEY E. QUA.
> ARTHUR W. DOLAN.
> LOUIS S. COX.
> JAMES J. RONAN.