## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law*, Initiative, Referendum. *Words*, "Summarized description."

The General Court has no power to require that a title, determined by the Attorney General as a fair title, be placed upon a law proposed by an initiative petition before it is filed with the Secretary of the Commonwealth.

The General Court cannot constitutionally authorize the Attorney General to substitute, for the "description" of a law which he is required to prepare by art. 48 of the Amendments to the Constitution of the Commonwealth, a "summarized description" thereof when he is of opinion that a complete and comprehensive description might be too long and too complicated to be easily read and understood by the voters during the time permitted for marking their ballots.

On June 9, 1941, the House of Representatives adopted the following order, which was transmitted to the Justices on June 12:

WHEREAS, The Justices of the Supreme Judicial Court, in an Opinion in 294 Massachusetts Reports, page 610, dated June 11, 1936, stated that under the terms of Article

XLVIII of the Amendments to the Constitution of the Commonwealth the description of a measure to be submitted to the people under said article, as determined by the Attorney General thereunder, must be printed on the ballot and contained in the question, and cannot be incorporated therein by reference; and

WHEREAS, There is no provision in said Article or elsewhere in the Constitution regulating the length of the description of a measure to be placed on the ballot, and no legislation relative to such length; and

WHEREAS, The Justices of said Court, in an Opinion received in the Senate May 20, 1941, approved as proper to be printed on the ballot a description which covered about nine printed pages of a legislative document; and

WHEREAS, The printing on the ballot, and particularly between the beginning and the end of a question, of a description of such length, creates practical difficulties in the printing and handling of the ballots and tends to confuse rather than enlighten the voter and allows him insufficient time to mark his ballot intelligently; and

WHEREAS, There is no provision of the Constitution or any of its Amendments specifically permitting regulation by the General Court of the length of such a description; and

WHEREAS, Article XLVIII of the Amendments to the Constitution of the Commonwealth, under the heading "GENERAL PROVISIONS, III, *Form of Ballot*", provides as follows: —

"Each proposed amendment to the constitution, and each law submitted to the people, shall be described on the ballots by a description to be determined by the attorney-general, subject to such provision as may be made by law, . . ."; and

WHEREAS, Said Article XLVIII, under the heading "GENERAL PROVISIONS, VII, *Amendment declared to be Self-executing*", provides as follows: —

"This article of amendment to the constitution is self-executing, but legislation not inconsistent with anything

herein contained may be enacted to facilitate the operation of its provisions"; and

WHEREAS, There is now pending before the General Court a bill, House, No. 2488, a copy of which is submitted herewith, which provides for the insertion by the Attorney General of a fair title of a law proposed by initiative petition, and for the inclusion of that title in copies of the proposed law prepared by the State Secretary, and also provides for the preparation by the Attorney General of a summarized description of any measure proposed to be submitted to the people under said Article XLVIII, and the placing of such summarized description upon the blanks for additional signatures, in the case of an initiative petition, and upon the ballot in case of any measure which is to appear on the ballot under said Article, if he is of opinion that a complete and comprehensive description of such measure would be too long and too complicated to be easily read and understood by the voters during the time permitted by law for marking their ballots; and

WHEREAS, Doubt exists as to the constitutionality of said bill, if enacted into law; therefore be it

ORDERED, That the Opinions of the Honorable Justices of the Supreme Judicial Court be required by the House of Representatives upon the following important questions of law:

(1) Can the General Court constitutionally require a title to be placed upon a law proposed by the initiative, and upon the copies thereof prepared by the State Secretary, substantially as provided by said bill?

(2) Can the General Court constitutionally regulate the length of a description to appear on the ballot under said Article XLVIII?

(3) Can the General Court constitutionally provide by law, for the guidance of the Attorney General in preparing a description of a measure proposed to be submitted to the people, that if in his opinion a complete and comprehensive description thereof would be too long and too complicated to be easily read and understood by the voters

during the time permitted by law for marking their ballots, he may determine a summarized description, substantially as provided by said bill?

(4) Are the provisions of said bill relative to the description of a measure proposed to be submitted to the people provisions to which the description to be prepared by the Attorney General may be made subject, conformably to the above quoted provisions of said Article XLVIII, under the heading "GENERAL PROVISIONS, III, *Form of Ballot*"?

(5) Are the provisions of said bill, or any of them, legislation not inconsistent with said Article XLVIII and tending to facilitate the operation of its provisions, conformably to the above quoted provisions of said Article, under the heading "GENERAL PROVISIONS, VII, *Amendment declared to be Self-executing*"?

On June 23, 1941, the Justices returned the following answers:

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the House of Representatives on June 9, 1941, and transmitted to the Justices on June 12, 1941. A copy of the order is hereto annexed.

The questions submitted involve the constitutionality of a pending bill (printed as House, No. 2488) relating to the initiative and referendum provisions contained in art. 48 of the Amendments to the Constitution of the Commonwealth. The bill is entitled "An Act in aid of the operation of Article XLVIII of the Amendments to the Constitution," and, if legally enacted, would amend G. L. c. 53 by inserting after § 22A, as amended by St. 1932, c. 80, the two following new sections: "*Section 22B*. Every initiative petition for a proposed law, before being filed with the state secretary under the forty-eighth article of the amendments to the constitution of the commonwealth, shall be submitted

to the attorney general, who shall determine a fair title of the proposed law and insert it in the petition immediately before the enacting clause of such proposed law. Said title shall appear in all copies of the proposed law prepared by said secretary under section forty-eight of chapter fifty-four. *Section 22C.* If, in the opinion of the attorney general, a complete and comprehensive description of a law to be submitted to the people under the referendum provisions of said forty-eighth article, or of a measure sought to be submitted to them under the initiative provisions of said article, would be too long and too complicated to be easily read and understood by the voters during the time permitted by section eighty-two of chapter fifty-four for marking their ballots, he may, in determining the description thereof under said article, determine, prepare and file with the state secretary a summarized description which shall be placed upon the blanks for additional signatures, in the case of an initiative measure, and on the ballot in any case where the measure is to appear on the ballot."

The first question submitted is: "Can the General Court constitutionally require a title to be placed upon a law proposed by the initiative, and upon the copies thereof prepared by the State Secretary, substantially as provided by said bill?" This question relates to the proposed new § 22B to be inserted in G. L. c. 53.

Article 48, I, of the Amendments to the Constitution provides in part that "the people reserve to themselves the popular initiative, which is the power of a specified number of voters to submit constitutional amendments and laws to the people for approval or rejection." But laws so approved are subject to the same limitation as to constitutionality as are laws enacted by the General Court by virtue of art. 48, The Initiative, II, § 2, providing that the "limitations on the legislative power of the general court in the constitution shall extend to the legislative power of the people as exercised hereunder." The legislative power of the people under the provisions for the initiative, however, is limited somewhat in its scope (see The Initiative, II, § 2), and the method of legislating by the people thereunder is materially

different from the method of legislating by the General
Court. This method of legislating by the people is pre-
scribed by the Constitution in considerable detail. How-
ever, by art. 48, General Provisions, VII, it is provided that
this "article of amendment to the constitution is self-
executing, but legislation not inconsistent with anything
herein contained may be enacted to facilitate the operation
of its provisions." The question of the constitutionality of
the proposed new § 22B depends for its answer upon whether
this proposed new section is inconsistent with any provision
of said art. 48.

It is provided by art. 48, The Initiative, II, § 1, that an
"initiative petition shall set forth the full text of the . . .
law . . . which is proposed by the petition." Section 3
provides that such "petition shall first be signed by ten
qualified voters of the commonwealth and shall then be
submitted to the attorney-general, and if he shall certify
that the measure is in proper form for submission to the
people, and that it is not, either affirmatively or negatively,
substantially the same as any measure which has been
qualified for submission or submitted to the people within
three years of the succeeding first Wednesday in December
and that it contains only subjects not excluded from the
popular initiative and which are related or which are mutu-
ally dependent, it may then be filed with the secretary of
the commonwealth. The secretary of the commonwealth
shall provide blanks for the use of subsequent signers, and
shall print at the top of each blank a description of the
proposed measure as such description will appear on the
ballot together with the names and residences of the first
ten signers." Section 4 provides that, if "an initiative
petition, signed by the required number of qualified voters,
has been filed as aforesaid, the secretary of the common-
wealth shall, upon the assembling of the general court,
transmit it to the clerk of the house of representatives, and
the proposed measure shall then be deemed to be intro-
duced and pending." Article 48, The Initiative, V, § 1,
fixes the "required number of qualified voters" referred
to in § 4 as "not less than twenty thousand." Except for

constitutional provisions authorizing provision by law for identification and certification of signatures and related matters (art. 48, General Provisions, I, II), said art. 48 makes no further provision as to procedure relating to a law proposed by initiative petition before the proposed law is introduced and pending in the General Court.

Article 48 contains no express provision authorizing any change in the petition or in the proposed law by the General Court or under its authority, though The Initiative, V, § 2, provides for an amendment of the proposed law that is "perfecting in its nature and does not materially change the substance of the measure" by "a majority of the first ten signers" of the petition if "the general court fails to pass a proposed law before the first Wednesday of June," and The Initiative, III, § 2, authorizes the General Court to submit to the people a substitute for any law proposed by initiative petition, "such substitute to be designated on the ballot as the legislative substitute for such an initiative measure and to be grouped with it as an alternative therefor."

Article 48, General Provisions, III, provides that "each law submitted to the people, shall be described on the ballots by a description to be determined by the attorney-general, subject to such provision as may be made by law," and the Secretary of the Commonwealth shall cause to be printed on the ballot the question "Shall a law (here insert description . . . [and certain other information]) be approved?" and IV provides that the Secretary "shall cause to be printed and sent to each registered voter in the commonwealth the full text of every measure to be submitted to the people, together with . . . [certain other specified matter including] a description of the measure as such description will appear on the ballot; and shall, in such manner as may be provided by law, cause to be prepared and sent to the voters other information and arguments for and against the measure."

The effect of legislation by the people by the initiative method, as of legislation by the General Court, is the enactment of a law. The constitutional provisions quoted show

that, if a law proposed by initiative petition is adopted by the people so as to become law of the Commonwealth (see The Initiative, V, § 1), it will be a law in the precise terms of the "full text" of such proposed law as contained in the original petition (see The Initiative, II, § 1) or as amended by "a majority of the first ten signers of the initiative petition." The Initiative, V, § 2. See *Opinion of the Justices, ante,* 555, 559–560. Legislation requiring any addition to, change in, or omission from the "full text" of a proposed law, in accordance with a determination by the Attorney General, would interfere with the popular initiative, as applied to laws, defined in art. 48, I, as "the power of a specified number of voters to submit . . . laws to the people for approval or rejection," would be inconsistent with said art. 48, authorizing the submission of such laws to the people, and would not "facilitate the operation of its provisions." See General Provisions, VII. Persons seeking legislation by initiative petitions cannot be so restricted as to the laws that are to be submitted to the people. It is for the petitioners to determine the text of the law that is to be submitted.

In our opinion the principle above stated applies to the insertion in the petition, as a condition precedent to the filing thereof with the State Secretary, of "a fair title of the proposed law," determined by the Attorney General, "immediately before the enacting clause" thereof, as provided by § 22B. Obviously, such a "fair title" is not intended to be, and cannot be, a substitute for the "description" that, by express constitutional provisions, is required to be printed upon the blanks for the use of the subsequent signers of the initiative petition after the first ten, and upon the ballots. On the contrary, such "fair title" apparently is intended to bear the same relation to a law proposed by initiative petition as the title of an act passed by the General Court bears to such act.

Though there is no constitutional requirement that an act passed by the General Court bear a title, it has long been the practice that it should do so. And such a "title is in a legal sense a part of every statute and may be con-

sidered in determining its construction." *Wheelwright* v. *Tax Commissioner*, 235 Mass. 584, 586. A statement is to be found in *Field* v. *Gooding*, 106 Mass. 310, 313, that "although the title is no part of an act, yet, where the enacting clause is doubtful or too general, the title may be resorted to for explanation, or in restraint of its generality." After the decision of this case, however, it was said in *Proprietors of Mills* v. *Randolph*, 157 Mass. 345, 350: "It has been sometimes said that the title is not a part of an act, and this was formerly, if not now, true of the Acts of the British Parliament. Barrington on Statutes, 449. *Attorney General* v. *Weymouth*, 1 Ambl. 20. But in the Legislatures of the States of the United States, and in the Congress of the United States, the title is in a legal sense a part of every act passed. The practice in this country is that a bill is introduced and reported with a title, and the title is read with the other parts of the bill, and is amended or stricken out in the same manner as any other part of the bill. In the Constitutions of some of the States it is provided that certain bills shall embrace only one subject, which shall be expressed in the title. In this Commonwealth there are no constitutional provisions concerning the titles of acts passed by the General Court, and the titles are usually short, and often are of little use in determining the meaning of statutes. Cases, however, may occur in which the title becomes important as a declaration by the Legislature of the object of the act." Relying upon this case, the court stated in *Rice* v. *Winslow*, 180 Mass. 500, 501, that "the title of an act is part thereof and is to be considered in determining its true construction." In *New England Trust Co.* v. *White*, 224 Mass. 332, 335, the language above quoted from *Field* v. *Gooding* was repeated; but the *Wheelwright* case, relying upon *Proprietors of Mills* v. *Randolph* and *Rice* v. *Winslow*, and citing, apparently without approval, the *New England Trust Co.* case, must be taken to settle the law of the Commonwealth contrary to the statement in *Field* v. *Gooding*, repeated in the *New England Trust Co.* case. The significant feature of this rule of law is that, though the title of an act of the General

Court is a part of such act in a legal sense, such title cannot be given the effect of extending or restricting the scope of the act as manifested by unambiguous language in the body thereof. See *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 501. Nevertheless, the title of such an act, subject to this limitation, is an expression of the legislative will.

The practice of attaching a title to an act of the General Court must be assumed to have been known to the framers of art. 48. It constituted one of the "attendant conditions" in the light of which the article is to be interpreted. See *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 158; *Opinion of the Justices*, 308 Mass. 601, 611. Since, however, this article makes no express provision with respect to a title for a law proposed by initiative petition, we think that the omission of such a title from the petition would not vitiate the petition. But we are of opinion that a title attached to a proposed law contained in an initiative petition constitutes a part of the "full text" of such proposed law, and that the General Court has no power to authorize the Attorney General to change such "full text," either by adding thereto a title where none was attached to the proposed law by the petitioners, or by changing the title of a proposed law attached thereto by the petitioners. Such a change would amount to a change in the law proposed by the petition contrary to the purpose of said art. 48 and inconsistent with said article.

The provision of § 22B, proposed by the pending bill, with respect to "copies of the proposed law" conforms to the view that the title to be inserted in the initiative petition as provided thereby is to be a part of the law proposed by such petition. The "fair title," as determined by the Attorney General under this section, is, by the terms of the section, to "appear in all copies of the proposed law" prepared by the State Secretary for the information of voters. See G. L. (Ter. Ed.) c. 54, § 48.

Nothing said in *Opinion of the Justices*, 271 Mass. 582, 589–590; *ante*, 555, 561–562, is inconsistent with the view

herein expressed. In each of these opinions a possible misleading tendency in the title of a law proposed by initiative petition was considered, and it was intimated that such a misleading tendency might, and probably should, be corrected in the description determined by the Attorney General, but it was not intimated that the title itself could be changed by him.

It is unnecessary, in view of the conclusion reached, to consider the power of the General Court to make laws regulating the form of initiative petitions. Our conclusion is that it would be unconstitutional to provide, as by the proposed § 22B, for changing, in the manner thereby provided, the proposed laws themselves that are contained in such petitions.

We answer the first question submitted "No."

The second question submitted is: "Can the General Court constitutionally regulate the length of a description to appear on the ballot under said Article XLVIII?" This question relates to the proposed new § 22C to be inserted in G. L. c. 53. It must be answered with respect to the terms of this proposed section which constitutes the matter pending before the House. See *Opinion of the Justices, ante,* 609, 614.

The governing constitutional provision is art. 48, General Provisions, III, providing that "each law submitted to the people, shall be described on the ballots by a description to be determined by the attorney-general, subject to such provision as may be made by law." There is also a further provision for printing such "description" on the ballots, General Provisions, III, and a provision for including such "description" in the information to be sent to the voters. General Provisions, IV. These provisions are applicable not only to laws proposed by initiative petitions, but also to laws made the subject of referendum petitions. And The Referendum, III, §§ 3, 4, contain provisions similar to the provision relating to the initiative, The Initiative, II, § 3, providing for a petition signed by ten qualified voters, and providing further that the "secretary of the commonwealth shall provide blanks for the use of subsequent signers, and shall print at the top of each blank a description of the proposed

law as such description will appear on the ballot together with the names and residences of the first ten signers."

As was pointed out in *Opinion of the Justices*, 271 Mass. 582, 589, "The provisions of said art. 48 touching the description are mandatory and not simply directory. They are highly important. There must be compliance with them." See also *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 99; *Opinion of the Justices*, *ante*, 571, 587–589. Where there is not compliance with these mandatory provisions, a question relating to a law proposed by initiative petition or made subject to a referendum petition cannot rightly be printed on the ballots for submission to the voters. And the fact that a "description" has been "determined by the attorney-general" does not validate it if it fails to meet the constitutional requirements. See *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 99; *Evans* v. *Secretary of the Commonwealth*, 306 Mass. 296; *Opinion of the Justices*, *ante*, 571, 587–589. The language of the Constitution particularly significant in the present inquiry is the language providing that the "description" is "to be determined by the attorney-general, subject to such provision as may be made by law." According to this language properly interpreted it is the determination by the Attorney General that is so subject. It is unnecessary, for the purpose of answering the question submitted, to consider the scope of the power of the General Court under this provision to regulate by law the determination of a "description" by the Attorney General. Undoubtedly, there is a field for the exercise of this power. But the General Court has no greater power under this constitutional provision to provide by law for validating a "description" that does not conform to constitutional requirements, than has the Attorney General to validate such a "description" in the absence of such law. The constitutional requirements to which a "description" must conform cannot be changed by statute.

The constitutional requirements to which a "description" must conform were stated in *Opinion of the Justices*, 271 Mass. 582, 588–589; 297 Mass. 582, 587; *ante*, 555, 561–

562; and *ante*, 571, 587–589. One of these requirements is that the "description" be "complete enough to convey an intelligible idea of the scope and import of the proposed law." Lack of such completeness was held fatal to an initiative petition in *Evans* v. *Secretary of the Commonwealth*, 306 Mass. 296. See also *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 99; *Opinion of the Justices*, 271 Mass. 582, 592; 297 Mass. 582, 587–588.

The proposed new § 22C in terms provides that the Attorney General, in certain circumstances, "may, in determining the description . . . [of a law or other measure] under said article [art. 48], determine, prepare and file with the state secretary a summarized description which shall be placed upon the blanks for additional signatures, in the case of an initiative measure, and on the ballot in any case where the measure is to appear on the ballot." (It is to be observed that no provision is made with respect to blanks for additional signatures in the case of a law that is made the subject of a referendum.) The words "summarized description" naturally import brevity and conciseness. See *State* v. *Bettman*, 124 Ohio St. 24, 27–28. These words, considered by themselves, do not necessarily import a lack in the description of the completeness required by the Constitution. A "summarized description" doubtless may also be a complete description. But the words "summarized description" as used in the proposed section obviously import a difference between a "summarized description" and a "complete and comprehensive description." According to the natural interpretation of the section as a whole, it permits a "summarized description" that is not a "complete and comprehensive description," that is, it permits a description that does not meet the constitutional requirement of completeness.

The provision in art. 48, General Provisions, III, that determination of a description by the Attorney General is "subject to such provision as may be made by law," does not authorize the General Court to provide by law, as the proposed § 22C purports to do, for a description that does not meet the constitutional requirement of completeness.

Consequently, such a provision would be inconsistent with art. 48. See art. 48, General Provisions, VII. A statutory provision of this nature cannot be justified on the ground, referred to in the proposed § 22C, that a "complete and comprehensive description" may, "in the opinion of the attorney general," be "too long and too complicated to be easily read and understood by the voters during the time permitted by section eighty-two of chapter fifty-four for marking their ballots." The provision fixing the time permitted for marking ballots is purely statutory and cannot modify the constitutional requirement of a complete description. This would be true even apart from art. 48, General Provisions, IV, providing that the Secretary of the Commonwealth shall send to each registered voter "a description of the measure as such description will appear on the ballot," obviously to afford to every voter opportunity, before the day of election, to read the description that is so to appear. Compare *Opinion of the Justices,* 294 Mass. 610, 613–614.

The second question submitted, as applied to the pending bill, must be answered "No."

The third and fourth questions submitted, though more specific in terms than the second question submitted, involve the same principles of law as have been stated in answering that question, and require no further discussion. We answer the third question "No" and the fourth question "No."

The fifth question submitted involves principles of law stated in answering the first question submitted and also principles of law stated in answering the second question submitted. No further discussion of these principles is required. We answer the fifth question submitted "No."

By reason of illness, Mr. Justice Lummus has been prevented from participating in the consideration of these questions and answers.

FRED T. FIELD.
CHARLES H. DONAHUE.
STANLEY E. QUA.
ARTHUR W. DOLAN.
LOUIS S. COX.
JAMES J. RONAN.